## THE PEOPLE *v.* CHARLES H. REYNOLDS.

ENTERING ON THE ASSESSMENT ROLL PROPERTY NOT ASSESSED.—The Revenue Act of 1861 does not authorize the Board of Equalization of a county to add to the assessment roll other property than that assessed by the Assessor. The Board

may require the Assessor to enter on the assessment roll other property which has not been assessed; but when entered by the Assessor, he and not the Board must give it a proper valuation.

CHANGING ASSESSED VALUE OF PROPERTY BY THE BOARD.—The Board for the equalization of taxes cannot under the Revenue Act of 1861 diminish or increase the assessed value of property as fixed by the Assessor, unless complaint has first been made to them, and reasonable notice has been given to the party assessed or interested of the day when they will act in the case.

ADDING TO THE ASSESSED VALUE OF PROPERTY.—The Board for the equalization of taxes cannot under the Revenue Act of 1861 add to the valuation of property, as fixed by the Assessor, without evidence authorizing them to do so.

POWER OF BOARD TO MAKE A NEW ASSESSMENT.—If the Assessor fixes the assessed value of the property of a person or firm, and the Board of Equalization afterwards, instead of adding to the valuation of the property so assessed, makes a new assessment, this new assessment is void, even if the party interested receives notice and appears and evidence is taken.

ORDER OF BOARD INCREASING ASSESSED VALUE OF PROPERTY.—An order of the Board of Equalization adding to the assessed valuation of a person's property, should show upon its face that it is merely increasing the valuation of the particular property placed on the assessment roll by the Assessor.

APPEAL from the District Court, Tenth Judicial District, Yuba County.

The facts are stated in the opinion of the Court.

*W. C. Belcher*, for Appellant.

Under the revenue laws in force in 1861 the Board of Equalization could not make an assessment, and could not even fix a value upon any specific item of property which had been listed and entered upon the assessment roll, but had not been assessed or valued by the Assessor. (Statutes of 1861, p. 427, Sec. 23; *Ferris* v. *Coover*, 10 Cal. 633; *Adams* v. *Justices*, 21 Geo. 206; *Hamilton* v. *The State*, 3 Indiana, 452; *Hays* v. *P. M. S. S. Co.*, 17 Howard, U. S., 596; *People* v. *Pico*, 20 Cal. 595.) The powers of Boards of Equalization were at that time and are now limited to equalizing assessments already made by the Assessor; that is to say, adding to or deducting from the assessed valuation of specific property, and to requiring the Assessor to list and assess any property which had been omitted from the assessment roll. (See section of statute above cited.)

Before the Board of Equalization could take any action in

regard to the valuation of property, it must have been listed and assessed by the Assessor; and a lumping assessment, under the head of " personal property," made by him, was not sufficient. (*Faulkner* v. *Hunt*, 16 Cal. 172.) All action of such a Board, outside of the authority conferred upon it by statute, is altogether void.

The action of the Board of Equalization of Yuba County, in changing the assessed value of the property of Reynolds Brothers, as shown by the records in this case, was making and not equalizing an assessment, and was without authority of law, and void.

*George Rowe*, for Respondent.

" The Board of Supervisors is a special tribunal, with mixed powers, administrative, legislative, and judicial. Its judgments or orders cannot be attacked in a collateral way any more than the judgments of Courts of record." (*Waugh* v. *Chauncy*, 13 Cal. 11, 12.)

The defendant had his day in Court before the Supervisors, after due notice. One of the firm was there as a witness. There is no evidence of unfairness. Their order or judgment still stands, and while it stands it is conclusive on the defendant as to the amount of tax which he should pay—nominally one thousand two hundred dollars. The delinquent list and the record of the Board of Equalization established the existence of all the facts found by the Court, and consequently the validity of the judgment.

It is the duty of the Board of Equalization to equalize the assessment of all the personal property in the county; and they had a right to add other property to the assessment list, as well as to increase or decrease the assessment on the property given in by the party or returned by the Assessor. And if a Board of Equalization add to the valuation returned by the Assessor, the law will presume it to be done upon sufficient evidence, unless the contrary appear. (*Hambleton* v. *Dempsey & Co.*, 20 Ohio, 168.)

By the Court, CURREY, J.

This action was brought to recover one thousand two hundred dollars, alleged to be due from the defendant, as the survivor of the firm of Reynolds Brothers, for State and county taxes for the year 1861. From the case it appears that the Assessor of Yuba County assessed and set down upon the assessment roll as subject to taxation for said year, five hundred dollars, as the value of certain personal property of the firm of Reynolds Brothers, which list was furnished to the Assessor by one of the firm in a statement verified by affidavit. The property so assessed and placed on the roll was described as household furniture in the office of the firm. The assessment roll thus made up was afterwards duly submitted to the Board of Equalization, whereupon the Board, in the presence of a member of the firm, made an order assessing the property of the firm, without any specification of what it consisted, and without limitation of it to the property already assessed, at the value of fifty thousand dollars. To the action and decision of the Board, the firm, by the member thereof in attendance, objected. By the answer of the defendant, it is denied that the firm of Reynolds Brothers was worth or had, in the year 1861, in their possession in the County of Yuba personal property of any kind liable to taxation in said county for State or county purposes of the value of fifty thousand dollars, or of any greater value than five hundred dollars. It is then stated that the personal property of the firm was assessed in said year at the value of five hundred dollars, but it is denied that the Board of Equalization made or ordered any changes or corrections except as shown in the records of the proceedings of the Board, which are set forth in the answer. The defendant then averred a tender to the Tax Collector of the taxes upon the value of the property as originally assessed, and that he had always been ready and willing to pay the same; and with his answer he brought the money tendered into Court to be paid to the plaintiff. The plaintiff's attorney admitted the truth of this averment on the

trial, and agreed with the defendant that such tender had been kept good, and should be regarded as a sufficient tender, provided the plaintiff was not entitled to recover beyond the amount of tax on the property at the valuation of five hundred dollars.

The Court before whom the action was tried without a jury, rendered a judgment against the defendant for the amount claimed, together with the fees of the District Attorney and the costs of the action. A motion for a new trial was made by the defendant and denied by the Court, and this appeal brings the whole case before us for review.

The twenty-third section of the Revenue Act (Laws 1861, p. 427) confers on the Board of Equalization the power to determine all complaints made in regard to the alleged value of any property ; and the power to change and correct any valuation either by adding thereto or deducting therefrom, if they deem the sum fixed in the assessment roll too small or too great. It also provides that if the Board find it necessary to add to the assessed valuation of any property on the assessment roll, then they shall cause a proper and reasonable notice to be given to the person interested, of the day when they will act in the case. This statute does not authorize the Board to add other property to that contained in the assessment roll, though they may require the Assessor to enter thereon any mortgage, lien or other property which has not been assessed ; and when entered on the roll it is the office of the Assessor to fix upon it a proper valuation.

In matters relating to the assessment of property the Board of Equalization may hear and determine complaints respecting the same, and may correct errors in the assessment roll submitted to them, by diminishing or increasing the valuation fixed by the Assessor upon the property therein described ; but they cannot increase the assessed value without complaint, nor then until the party interested has had reasonable notice of the day when they will act in the case. When the party interested appears in answer to the notice or summons he is entitled to be informed of the matters which he may be

required to meet; and until a case be established authorizing an addition to be made to the assessed valuation of the property, he will have nothing to rebut, but may rest securely upon the assessed valuation. The Board have no more right to add to the assessed valuation of property without evidence authorizing them to do so, than a Court or jury have to find facts and determine the rights of litigants without evidence. If Boards of Equalization may arbitrarily, and of their own mere caprice, increase the assessed valuation of property, then they possess a power without prescribed limits, which may be used for the purposes of the grossest oppression and injustice.

It is claimed, on the part of the plaintiff, that the Board of Equalization had the right to add other property to the assessment list, as well as to increase or diminish the assessed valuation fixed upon the property by the Assessor in the original assessment roll. A sufficient answer to this is, that the statute does not warrant any such conclusion; and no intendment is to be made in support of the acts of officers of inferior or limited jurisdictions, where it appears that such acts were not authorized. Such acts are, in the nature of things, *coram non judice* and void; and the party who is sought to be affected by them, to his injury, is at liberty to resist their execution, when attempted to be enforced, in an action at law, or otherwise. (*Ferris* v. *Coover*, 10 Cal. 633.)

The plaintiffs to make out their case produced in evidence the delinquent tax list of the County of Yuba for the year 1861, and read therefrom the following entry: "Reynolds Brothers, bankers—value of personal property, $50,000; total value, $50,000; total tax, $1,200." They also read in evidence entries made in the record of the Board of Equalization for the same year, from which it appeared that on the 16th of August, 1861, in the matter of the application of the County Assessor for an increase of the assessed value of the property of Reynolds Brothers, R. J. Reynolds, one of the firm, who had been summoned, and the Assessor, came before the Board, and that R. J. Reynolds and one Marchaud were sworn and

examined as witnesses, and then the further hearing of the application was passed. On the next day the Board met again, and the entry of that day's proceedings, as produced in evidence, was in the following words: "In the matter of the citation of R. J. Reynolds.—The Board having duly considered the matter herein, doth order, after the testimony of R. J. Reynolds having been heard and considered, that the said Reynolds Brothers be and the total assessed value of their property is set at $50,000."

The forty-third section of the Act declares that the delinquent list, or a copy thereof duly certified, showing unpaid taxes against any person or property, shall be *prima facie* evidence in any Court to prove the assessment, the property assessed, the delinquency, the amount of taxes due and unpaid, and that all the forms of law in relation to the assessment and levy of such taxes have been complied with. The delinquent list, it will be observed, must show upon its face certain things, and these things are specified in the twentieth section of the Act. This twentieth section of the Act makes it the duty of the Assessor to prepare a tax list or assessment roll, in which shall be listed or assessed all the real estate, improvements on real estate, improvements on public lands, and other personal property within the limits of the county. When the owner of the property so listed and assessed is known, his name is to be set down in connection with it as the owner, and the cash value of the property, if it be personal property other than improvements on real estate or public lands, is also to be stated as the assessed value of the same. After the assessment roll shall have been submitted to the Board of Equalization and passed from them to the County Auditor, this officer is required to perform such things as are prescribed, in the correction and completion of the assessment roll, and then deliver a true copy of it, as corrected, to the Tax Collector. This corrected copy is styled in the statute, "Duplicate Assessment Roll." (Laws 1861, pp. 425, 428, Sections 20, 23, 24.) Having received the duplicate assessment roll, it is made the duty of the Tax Collector to proceed to

collect the taxes; and at the close of his official business for the day, on the third Monday of November, he is required to enter upon the duplicate assessment roll a statement that he has made a levy upon all the property therein assessed, the taxes of which have not been paid; and immediately thereafter, to ascertain the amount of taxes then delinquent, and to file a verified statement thereof in the office of the Auditor; and within a prescribed period to make out and file in the Auditor's office a verified list of all persons and property then owing any taxes; which list it is declared shall be known as the "Delinquent List." (Same Act, Sections 32, 34.) Thus it is seen what must be the character of the delinquent list in order to constitute it *prima facie* evidence of the matters specified in the forty-third section of the Act.

As appears, the plaintiff produced in evidence the delinquent list in the form already set forth, showing that the personal property of Reynolds Brothers, in the County of Yuba, was assessed for the year 1861 at fifty thousand dollars, and that the amount of the taxes was twelve hundred dollars. But it also appears from the pleadings and evidence that the property of the firm was assessed in the first place by the Assessor at the value of five hundred dollars, and that the Board of Equalization changed the assessment, not by adding to the valuation of the property so assessed, but by making a new assessment. The order was, "that the said Reynolds Brothers be and the total assessed value of their property is set at fifty thousand dollars." The property thus valued at fifty thousand dollars, by the natural import of the words, comprehends all the property of the firm. If the Board intended to limit their action to increasing the valuation of the particular property placed on the assessment roll by the Assessor, it should have been made so to appear. But it is not pretended on the part of the respondent that such was the intention of the Board, and it cannot be presumed that such was the effect of the order in the entire absence of evidence thereof. As we have already observed, the statute does not authorize the Board to add other property to the list made by

the Assessor.   They may require the Assessor to enter on the assessment roll property which has not been assessed ; and when entered on the roll the Assessor is to estimate and fix upon it a proper valuation.   The action of the Board, as manifested by the record of its proceedings, was unauthorized, and therefore void.

The judgment is reversed and the cause remanded to the Court below with directions to enter judgment in favor of the plaintiff against the defendant for twelve dollars, the sum tendered, but without costs.

Neither Mr. Chief Justice SANDERSON nor Mr. Justice SAWYER expressed any opinion.