No. 2,345.

THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENT, v. FLINT, IRVINE & CO. *et al.*, APPELLANTS.

ASSESSMENT ROLL. — INSUFFICIENT DESCRIPTION OF PROPERTY. — A description of property in an assessment roll which is so vague, indefinite, and uncertain as to render it impossible to determine whether the whole or ·a part, or if a part, what part of the land was intended to be assessed to the person named therein, is insufficient.

IDEM. — COMPLAINT OF THE DISTRICT ATTORNEY BEFORE THE BOARD OF EQUALIZA-TION. — A complaint of a District Attorney filed with the Board of Equalization which "complains of the assessment set opposite each name on the assessment list and prays the Board to hear evidence in each and every case, and every name on said assessment list, as to the value of the property therein assessed, and to change the value as to them may seem just, and that the valuation may be reduced or raised as to them shall seem just and equitable," states no facts, and is nugatory and insufficient to give the Board jurisdiction to increase the assessment.

APPEAL from the District Court of the Seventeenth District, Los Angeles County.

Action was brought to recover alleged delinquent taxes claimed to have been assessed upon certain lands in Los Angeles County. Judgment was for plaintiff. Defendant moved for a new trial on the grounds, among others, that the evidence was insufficient because it did not show any description of the lands of which the assessment was attempted, either by metes and bounds or common name or designation; that the evidence did not show that the Board of Supervisors had at any time acquired jurisdiction to hear any application to raise the alleged assessment, because it was not shown that any complaint was made to them or any notice given to the defendants in the premises; and that · the evidence is insufficient to justify the finding that defendants were the owners of the whole of the San Joaquin and

Loneas de Santiago Ranchos, and also of an undivided interest in the Santa Ana Rancho.

The other facts are stated in the opinion.

*Wm. Mathews*, for Appellants.

*First* — The real estate was not described in the assessment roll either "by metes and bounds or by common name or designation, and the location or township in which the land is situated is not stated, as required by the Revenue Law."

The description is as vague as "the unsold portion of the Rancho Los Mokelumnes," which was held insufficient in *People* v. *Pico* (20 Cal. 596), or as the "Los Mariposa or Fremont grant, less the town lots sold in Bear Valley," which was held invalid in *People* v. *Mariposa Company* (31 Cal. 198). (See, also, *Kelly* v. *Abbott*, 13 Cal. 609.)

Respondents claim that *People* v. *Pico* is overruled in *People* v. *Holladay* (25 Cal. 300.) This is, I submit, not correct. The Court expressly decided, in *People* v. *Holladay*, that the description in *People* v. *Pico* "was insufficient, and thus far the decision in that case is undoubtedly correct." The majority of the Court were, however, of opinion that the assessment was rendered valid by legislative enactment.

*Second*—There was no complaint upon which the Board of Supervisors were authorized to increase the valuation of the property, as previously fixed by the Assessor. (*People* v. *Reynolds*, 28 Cal. 111.)

In the complaint filed, no property is named, no single defect or injustice is pointed out, no individual tax-payer is complained of.

*Jo Hamilton*, Attorney General, for Respondent.

*A. B. Chapman* and *Geo. H. Smith*, of Counsel.

*First*—The description of the land, as given in the complaint, is sufficient, especially as no objection was made to it.

If the defendants own the whole of the ranch, then the description is simply equivalent to a description by name. If they own only an undivided interest, still it is sufficient.

(Hit. Dig. Art 6153-4-9; *Palmer* v. *Boling*, 8 Cal. 38; *Patten* v. *Green*, 13 Cal. 328; *High* v. *Shoemaker*, 22 Cal. 371; *People* v. *Crockett*, 33 Cal. 150.)

As to the first, the description, if not meaning the whole ranchos, must be construed as meaning only an undivided interest in them. (*Schenck* v. *Evoy*, 24 Cal. 104.)

As to the second, the rule that pleadings must be taken most strongly against the pleader, applies only "where the pleader stands upon his pleading and maintains its sufficiency in the presence of a demurrer or other hostile attack." (*Nevada Co. and Sac. Can. Co.* v. *Kidd*, 28 Cal. 684.)

The cases of the *People* v. *Pico* (20 Cal. 596) and *People* v. *Mariposa Co.* (31 Cal. 199), which are relied upon by defendants, do not apply to this case. For, in both of those cases, it affirmatively appeared, from the description, that the defendants were not the owners of the whole nor of an undivided interest in the whole of the ranches named, but only of segregated portions thereof.

*Second*— Under the provisions of the Revenue Act of 1861, no objection can be taken to the sufficiency of the description of the real estate, except "by denying all claim, title or interest in the property assessed at the time of the assessment."

The case of *People* v. *Pico* (*supra*) turned upon the construction of the peculiar provisions of a different statute from the one now under consideration, and has since been overruled as to one of its most important propositions. (*People* v. *Holladay*, 25 Cal. 303.)

In the case of *People* v. *Mariposa Co.* (*supra*) the Court followed the authority of the case of *People* v. *Pico*.

So long as defendant admits that the land is his, it is immaterial how it is described; and he should not be permitted to take advantage of any defect in the description whatever. (*People* v. *Leet*, 23 Cal. 163; *Bosworth* v. *Danzien*, 25 Cal. 299.)

It seems to be the manifest intention of the law that if the defendant claims the land, he shall pay the taxes—no matter how defective the description may be. In foreclosure suits the sufficiency or insufficiency of the description

of the real estate has always been held immaterial. The plaintiff is always entitled to the sale of the land as it is described in the mortgage. (*Tryon* v. *Sutton*, 13 Cal. 491; *Whitney* v. *Buckman*, *Id.* 536.)

*Third*—The law does not require a description "by metes and bounds, or common name or designation." It is true that it *directs* it. (Hit. Dig. 6169.) But by express provision, this and all other " acts required between the assessment and the commencement of the suit, shall be deemed *directory* merely." (Hit. Dig. 6191; 30 Cal. 524; 33 *Id.* 487; 15 *Id.* 384.)

*Fourth*—In reply to the second assignment, we refer the Court to the case of the *C. P. R. R. Co.* v. *Placer Co.* (32 Cal. 582.)

RHODES, C. J., delivered the opinion of the Court.

The property is described in the assessment roll as follows:

"81,160 acres grazing land, value............$32,464

18,193
_____

$50,657

And 200 acres of grain land, value $10,000, on the San Joaquin, Santiago de Loneas, and Santa Ana ranches, in Los Angeles County. Improvements on the San Joaquin ranch, $1,000." The description is vague, indefinite and uncertain, and insufficient to designate any parcel of land. It is impossible to say whether the whole, or a part, or, if a part, what part, of either of those ranches, was intended to be assessed to the defendants. (See *People* v. *Pico*, 20 Cal. 596; *People* v. *Mariposa Company*, 31 Cal. 198.)

The complaint of the District Attorney, filed with the Board of Equalization, is insufficient, under the authority of *People* v. *Reynolds* (28 Cal. 111), to give the Board jurisdiction to increase the assessment. He "complains of the assessment set opposite to each name thereon [the assessment list], and prays the Board to hear evidence in each and

every case, and every name on said assessment list, as to the value of the property therein assessed, and to change the value as to them may seem just, and that the valuation may be reduced or raised as to them may seem just and equitable." This is not a complaint that the valuation in any case, or of any parcel of property, is too low; and even if he had specified any parcel of property, and the name of the person to whom it was assessed, the complaint would have amounted only to an allegation that the valuation of such parcel of property was incorrect, without stating whether it was too high or too low. The complaint states no fact, and is entirely nugatory for any purpose.

Judgment reversed and cause remanded.