[No. 2,813.]

THE PEOPLE OF THE STATE OF CALIFORNIA *v.* GOLDTREE AND BROTHER.

EQUALIZATION OF TAXES—COMPLAINT NECESSARY.—In order to give the Board of Equalization jurisdiction to increase the valuation of property beyond the amount at which it has been assessed, the filing of a complaint is necessary.

IDEM—COMPLAINT NOT WAIVED BY APPEARANCE.—Where the Board of Equalization makes an order increasing an assessment, without a complaint having been filed, and the party assessed appears and moves to set aside the order, such appearance does not confer jurisdiction by relation, and a refusal to set aside the order does not make it valid.

CURATIVE POWER OF LEGISLATURE.—The Legislature has power to pass curative Acts by which the various acts and proceedings of the officers and Board charged with the levying and assessing of taxes, are rendered valid and legal, notwithstanding that errors and irregularities have intervened. But where the officer or tribunal had no power or jurisdiction, the Act is void, and subsequent legislation cannot cure the defect.

JUDICIAL ACT OF BOARD OF EQUALIZATION.—The Board of Equalization, in passing on the question whether an assessment is too high or too low, acts in a judicial capacity, and its decision is an adjudication.

APPEAL from the District Court of the First Judicial District, County of San Luis Obispo.

The defendants had judgment, and the plaintiffs appealed. The other facts are stated in the opinion.

*Jo Hamilton, Attorney General,* and *N. D. Witt,* for Appellant.

*W. J. Graves*, for Respondents.

By the Court, RHODES, J.:

The personal property of the defendants having been assessed by the County Assessor, the Board of Equalization added a further sum to the valuation, without any complaint having been filed, and on the same day caused the defendants to be notified thereof, and to show cause why the valuation of their property should not be increased. On the day appointed, one of the defendants appeared and moved that the order of the Board increasing the valuation be canceled, and, evidence on both sides having been heard, the Board refused to cancel the order.

It was held in *People* v. *Reynolds*, 28 Cal. 107, that the filing of a complaint was necessary, in order to give the Board of Equalization jurisdiction to increase the valuation of property beyond the amount at which it had been assessed by the Assessor; and this doctrine was affirmed in *People* v. *Flint*, 39 Cal. 670.

But it is contended by the plaintiffs, that the appearance of the defendants in the manner already mentioned, was a waiver of a complaint, and conferred upon the Board jurisdiction to increase the assessment. If the filing of a complaint is a jurisdictional matter, it is impossible to see how an appearance, and a motion to set aside an order already made, when the Board had no jurisdiction, could confer jurisdiction by relation, or how the refusal to set aside an order could render the order valid, if not valid when it was made.

The Act of April 2d, 1870, to legalize assessments, etc., in the County of San Luis Obispo (p. 666, Sec. 5) provides that "all acts, orders, and proceedings of the Board of Equalization of said county, touching the equalization of taxes, are hereby ratified and confirmed, and declared effectual and

legal." It will readily be conceded that the Legislature possesses the power to pass curative Acts, by which the various acts and proceedings of the officers and Board charged with the levying and assessing of taxes, are rendered valid and legal, notwithstanding that irregularities and errors have intervened; and the cases are quite harmonious on the point in other States as well as this. There are, however, defects, which are mostly either of a jurisdictional character, or those which become such by reason of some constitutional provision, which are beyond the reach of curative Acts. It is impossible to draw a well defined line between the classes of defects which may, and those which may not, be remedied by curative legislation; nor are the authorities on the subject reconcilable. There are defects, which, under our Constitution, are incurable by any subsequent legislation—such as an assessment of property situated without the Assessor's county or district; an assessment made by the Board of Equalization; the exemption of particular property or a particular person's property from taxation; the levying of different rates of taxation upon different species of property; and a judgment for the recovery of taxes rendered in a case in which the Court had not acquired jurisdiction of the person assessed; and the enumeration might be extended. In those instances, the defect consists of the want of power or jurisdiction in the officer or tribunal assuming to act in the matter; and we think it may safely be laid down as a rule in these matters, that whenever the officer had no power or jurisdiction to do the act in question, and not that in its performance he did not pursue the law in respect to time, mode, or some other particular, the act is void, and subsequent legislation cannot cure the defect. The Board of Equalization, in passing on the question whether an assessment is too high or too low, acts in a judicial capacity, and its decision is an adjudication, and as clearly so as a judgment for the recovery of the tax. And, indeed, the orders of the Board

of Equalization, and judgments for the recovery of delinquent taxes, are parts of the same legislative scheme for the levying, assessing, and collection of taxes; and it would seem, on principle, that the want of power in the Legislature to legalize a judgment which was void for the want of jurisdiction, is no more manifest than it is in case of an attempt to legalize an order of the Board which was void for the same reason. We are of the opinion that the value of property was not ascertained in the mode prescribed by law (Const., Art. XI, Sec. 13)—that is to say, by a law which was in force at the time when the value was ascertained—if it was ascertained by the order of the Board, acting contrary to law, and which order is destitute of validity until aided by a subsequent curative Act of the Legislature.

The defendants were not entitled, under the statute, to recover their costs.

Judgment modified by striking out that portion which provides for the recovery by the defendants of their costs.

Mr. Chief Justice WALLACE did not participate in this decision.