[No. 4,475.]

## THE MAYOR AND COMMON COUNCIL OF THE CITY OF LOS ANGELES *v.* THE LOS ANGELES CITY WATER WORKS COMPANY.

AN INTEREST IN PROPERTY WHICH MAY BE TAXED.—If a city, being the owner of water, and the reservoirs and pipes connected therewith for supplying its inhabitants with pure water, for a consideration paid by a party, concedes to him the use and possession of the water and works for a term of years, with the right to sell the water, and enjoy for his own use the rents and profits, with also the right to lay additional pipes, the city, at the expiration of the term, to pay the party the value of improvements made by him, such party has an interest in the water works which is the subject of taxation.

IDEM.—If such contract provides that the party of the second part shall bear all expenses on account of the water works, except State, City and County taxes, it does not exempt the property from taxation on behalf of the city.

IDEM.—The interest of such party in the property may be taxed by the city.

DELINQUENT LIST OF TAX PAYERS.—The delinquent list of tax payers, in a city incorporated under the Act of 1850, is not *prima facie* evidence of the correctness of the prior proceedings by which the tax was levied and assessed.

RAISING ASSESSED VALUE OF PROPERTY.—If an ordinance of a City Council, incorporated under the Act of 1850, requires a complaint to be filed, and personal notice in writing to be given to a tax payer, before the Board of

equalization can raise the assessed value of his property, such complaint must be filed and notice given before such value can be raised.

PAYMENT OF TAX.—If a Board of Equalization raises the assessed value of the property of a tax payer without having acquired jurisdiction to do so, the tax payer must still pay a tax upon the value of his property as assessed.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The case was thus: The city of Los Angeles owned water works for supplying its citizens with pure water, consisting of pipes, reservoirs, etc., and also owned the right to divert water from the Los Angeles River. On the 20th day of July, 1868, the city entered into a contract with John S. Griffin, Prudent Beaudry, and Solomon Lazard, by which, in consideration of said parties releasing a demand they had against the city for the repair of the water works, and of the payment of the sum of $1,500 per annum, and for the further consideration that such parties should lay down pipes in the streets of sufficient capacity to supply the inhabitants with water, and construct such works as would secure a constant supply of water for domestic purposes, the city granted to said parties, for the term of thirty years, the use and possession of the water and water works, with the right to sell the water and enjoy the rents and profits. The contract contained other clauses, by which, at the end of the term, the city should pay the parties the value of the improvements they made, to be ascertained by arbitration, and the city had the right to regulate water rates to be charged, and the parties of the second part were to pay all State and County taxes levied and assessed upon the water works, and were to deliver up the property to the city at the end of the term. The contract also adopted a clause contained in a former lease to J. L. Sansevain, by which the parties of the second part were to bear all expenses of the water works except State, City and County taxes. Said parties assigned their interest in the contract to the defendant. The property, in 1871, was assessed for City taxes at fifteen thousand dollars. The Board of Equalization (the City Council) raised the assessed value of the

property fifteen thousand dollars, making thirty thousand. No complaint was filed, and the only notice given to the defendant of the proposed action of the Board, was a notice in writing, deposited in the Post-office by the Clerk of the Council, postage paid, addressed to the defendant. This was an action to recover the tax on the value as raised by the Board of Equalization. On the trial, the parties stipulated to the facts, and, among other things, stipulated that there was, among the archives of the city, a book endorsed, "Delinquent Tax List of Los Angeles City for 1871 and 1872," with the certificate of the City Marshal attached thereto that "the foregoing delinquent tax list is correct," and that the Marshal delivered the same to the Clerk of the Council on the first day of March, 1872. In this book the defendant was delinquent for the tax on said property. The facts in regard to raising the assessment by the Board of Equalization were also admitted. The Court rendered judgment for the tax on the value of the property as raised by the Board of Equalization, and the defendant appealed.

The other facts are stated in the opinion.

*Glassell, Chapman & Smiths,* for the Appellant.

The contract is simply an employment by the defendant to manage the city water works for the benefit of the city.

The property belongs to the city and is therefore not liable to taxation. (Hittell, Art. 6153; *People* v. *Doe and others*, 36 Cal. 220.) The Court was of opinion that the defendant "had a taxable property in the property assessed." It is expressly provided that any interest in real estate may be taxed; but as to personal property it seems contemplated that the whole tax shall be charged to the owner. It may be assessed to the party in possession, but it is assessed to him as the agent of the owner. (See Revenue Act, *passim.*) In this case the defendant cannot be said to have any estate or ownership of the property. The property is not leased to the defendant to be used by it for its own uses or purposes; but the defendant is employed to furnish water to the citizens, and the use, control, possession and management is delivered to it for that specific purpose, and no other.

There was no authority for the alteration of the assessment.

On this point it is sufficient to say there was no complaint filed to give the Board jurisdiction. (Hittell, Art. 6172; Ordinance, Fol. 76; *People* v. *Goldtree*, 44 Cal. 324; *People* v. *Reynolds*, 28 Id. 107; *People* v. *Flint*, 39 Id. 670.) It was part of the contract that the defendant should not pay city taxes. By the provisions of the lease to Sansevain, made part of the contract in question, it was provided that the defendants should pay neither State, City nor County taxes. This was modified, however, by another provision, that the defendant should pay "State and County taxes," leaving it, however, a part of the contract that it should not pay "city taxes."

*A. W. Hutton*, for the Respondent.

We do not question the proposition that the city's interest in the property of the municipality cannot be taxed; but we do contend that the interest of the defendant and appellant in that property, whatever may be the nature of that interest, is taxable, as all other private property is assessable.

Appellant's construction of the contract is forced and unnatural. If the company be merely the agent of the city, why should the city give it the right to dig in the streets and lay down pipes, and sell water to the inhabitants of the city? Why should the company receive the profits from such sales? And if the money derived from the sales of water should not amount during the year to the sum stipulated to be paid to the city for the use of the water-works, we would wish to know who, under the contract, is to bear the loss? The point that it was a part of the contract that the defendant should not pay city taxes, is not well taken. But if such was the contract, it would be a violation of the Constitution. A municipal corporation cannot, by contract, relieve the owner of property from the payment of muncipal taxes. If the action of the Board in increasing the assessment was not regular, their action was void, and

the original assessment remaining unaffected by their action, the plaintiff is entitled to judgment for that amount.

By the Court, RHODES, J.:

The defendant holds an interest in the property assessed, which is subject to taxation.

The contract between the city and the defendant does not purport to exempt the property from taxation by and on behalf of the city.

The delinquent list was proven by evidence (to which no objection was taken,) to be correct, but the statute does not declare that the delinquent list shall be *prima facie* evidence of the correctness of the prior proceedings. The "provisions of section 26, of the Act of 1850," to provide for the incorporation of cities, do not have that effect. The proceedings of the Board of Equalization, by which the valuation was increased, were defective and erroneous in this— no complaint was filed with the Board, and the defendant was not personally notified in writing that the valuation of his property had been raised by the Board, as required by the fifth section of the Ordinance set forth in the record. *People* v. *Reynolds*, 28 Cal. 107; *People* v. *Flint*, 39 Cal. 670; and *People* v. *Goldtree*, 44 Cal. 324, held that the filing of the complaint is indispensable to give the Board jurisdiction to increase the valuation of property.

The recovery for the taxes, percentage and costs upon the sum of fifteen thousand dollars (the amount added to the valuation by the Board) cannot be sustained.

Cause remanded, with directions to modify the judgment in accordance with this opinion.

Mr. Justice McKINSTRY did not express an opinion.