[No. 797.]

## THE STATE OF NEVADA, RESPONDENT, v. NORTHERN BELLE MILL AND MINING COMPANY, APPELLANT.

BOARD OF EQUALIZATION—COMPLAINT AGAINST ASSESSMENT FOR TAXES, HOW MADE.—A complaint made by any person to the board of equalization orally or in writing, that an assessment is too high or too low, and asking that it be reduced or raised is sufficient to authorize the board to act.

IDEM—NOTICE TO BE GIVEN.—If the complaint is of undervaluation, the board must give reasonable notice to the party assessed when it will act upon the complaint.

IDEM—EVIDENCE OF VALUATION—ASSESSOR'S STATEMENT.—Statements made by the assessor in regard to the valuation of property before the board of equalization, in his official capacity and under the sanction of his official oath, is intended by the law to have the force of testimony, and such a statement is competent evidence upon which the board is authorized to act in raising the assessment.

APPEAL from the District Court of the Eighth Judicial District, Esmeralda County.

The facts appear in the opinion.

*T. W. W. Davies and A. W. Crocker*, for Appellant:

I. The action of the board of equalization in increasing the valuation of appellant's property without any legal evidence on which to base its action was unwarranted and illegal. Such action deprives appellant of its property without due process of law, and is in violation of article 1, section 8 of the state constitution. The board is of special and limited jurisdiction, and nothing in that regard is to be presumed in its favor. (*State* v. *Board Co. Com. Washoe Co.* 5 Nev. 319.) The board of equalization must be governed by the laws and rules regulating the proceedings of courts of justice while engaged in the discharge of like duties. (Comp. L. Nev., sec. 3139; *People* v. *Goldtree*, 44 Cal. 323.)

II. The board of equalization has no jurisdiction to hear and determine, except in complaint. The complaint must state sufficient facts to warrant the board in its action. (*People* v. *Reynolds*, 28 Cal. 107; *People* v. *Flint*, 39 Cal. 670; *People* v. *Goldtree*, 44 Cal. 323.) The unverified paper of the assessor filed in this case does not contain a single

statement of fact, which, if true, would warrant the board in adding to the valuation of appellant's property as returned.

III. The board of equalization has no right to add to the assessed valuation of property without judicial evidence. (*People* v. *Reynolds*, 28 Cal. 112.) The statements heard by the board of equalization, not under oath or affirmation, were not judicial evidence. (Best on Evidence, Morgan's notes, par. 56, p. 69, sec. 59, p. 74; *Irwin* v. *Cook*, 15 Johns. 239; *Penfield* v. *Carpender*, 13 Johns. 350; *Haswell* v. *Bussing*, 10 Johns. 128; Bouvier's Dict. Max., sec. 130, 2d column, p. 430.)

*John R. Kittrell, Attorney-General,* for Respondent:

I. The law does not require that complaints made before the board of equalization should be verified. (Comp. Laws, secs. 1571, 1575; *Paul* v. *Beegan*, 1 Nev. 327; *State* v. *Wright*, 4 Nev. 251.)

II. The board is authorized to act upon its own judgment. (Cooley on Taxation, 291; *Tweed* v. *Metcalf*, 4 Mich. 579; *Case* v. *Dean*, 16 Mich. 12; *Bellinger* v. *Gray*, 51 N. Y. 610.)

III. The presumption is that the lower court was sustained by the evidence in the absence of a showing to the contrary. (*Carpenter* v. *Waddell*, 1 Nev. 332; *State* v. *Bonds*, 2 Nev. 265; *Johnson* v. *Sepulvida*, 5 Cal. 149; *Reed* v. *Reed*, 4 Nev. 395; *Guy* v. *Washburn*, 23 Cal. 111.

By the Court, BEATTY, J.:

This is a suit for delinquent taxes, in which the state recovered a judgment, from which, as well as from the order of the district court overruling its motion for a new trial, the defendant appeals.

As a defense to the action the defendant pleaded fraud in the assessment, alleged to consist in this, that the board of equalization added thirty-two thousand two hundred dollars to the assessed valuation of its property, without any complaint having been made to the board of under-valuation by the assessor, and without any legal evidence to support such a conclusion. As to the taxes due on the assessor's

valuation, a tender was pleaded. The court, however, found that the action of the board of equalization in raising the taxes was regular and valid, and gave judgment for the full amount claimed, including penalties and costs of suit.

The only question involved in the appeal is as to the correctness of this finding.

It is not pretended that the valuation, as fixed by the board, was excessive or unjust, but merely that it was invalid, because the board had no complaint or evidence before them upon which they were authorized to act. There may be a question whether any irregularity in the proceedings of the board of equalization, in raising an assessment, would constitute a good defense to a suit for taxes, unless it also appeared that the valuation so fixed was unjust; but it is not necessary to discuss that question here, because it appears that, in this case, the proceedings of the board were, as found by the district court, regular and valid.

The assessment-roll was before them, and upon that roll a certain mill and water-pipe of the defendant were assessed at thirty-five thousand dollars, and certain improvements on the mine, consisting of tramway, etc., at eight hundred dollars. Such being the case, the following written complaint was laid before them:

State of Nevada, County of Esmeralda.—To the Honorable the Board of Equalization in and for the County of Esmeralda, State of Nevada: The undersigned respectfully represents that he is a resident of the county of Esmeralda, and is now the duly elected and acting assessor of said county, and, as such is acquainted with the value of the property therein; that in his opinion, the property of the Northern Belle Mill and Mining Company was given in at too low a figure by the superintendent thereof at the time of giving in his statement. I would, therefore, ask that the valuation of said property be raised as follows: On mill and water-pipe, from thirty-five thousand dollars to seventy-five thousand dollars; on improvements on the mine, tramway, etc., from eight hundred dollars to three thousand dollars.

All of which is respectfully submitted.

Dated at Aurora, this twentieth day of September, 1875.

DENNIS THOMPSON,
County Assessor.

This, it is contended, is not a sufficient complaint under the revenue law, to authorize the board to act; because, first, it is not verified; and, second, it contains no allegation that the assessed valuation of the property is too low; but only that the valuation, as given in by the superintendent, was too low, while there is nothing to show that it was assessed as given in. In answer to the first objection, it is only necessary to say that if the word "complaint," as used in the revenue law, is to be understood in the same sense which belongs to it as used in the civil practice act, it does not follow that it must be verified. But in fact, there is no reason for attributing to it any such sense. It is not even required, either expressly or by any necessary implication, to be in writing, and, if such was the intention of the legislature, it is far from manifest on the face of the law.

What is clearly required is that some one should complain to the board (whether orally or in writing is not prescribed) that some assessment is too high or too low, and ask to have it reduced or raised. If the complaint is of undervaluation, and the board find it necessary to raise the valuation, they must give reasonable notice to the party interested of the time when they will act in the case, and he, if he chooses to appear, has a right to be heard and to produce evidence before the matter is decided. All these requirements of the law seem to have been substantially complied with in this case. It is true the complaint filed by the assessor did not allege directly and with scientific precision that defendant's assessment was too low, and that its real value was the amount to which the board was asked to raise it. But it was sufficiently definite, read in connection with the assessment, to be easily understood in that sense by any man of common understanding, and it was therefore sufficient. It was never the intention of the legislature that every man who had occasion to complain of an erroneous valuation of property before the board of equalization should himself be able to file a complaint which would bear the test of a special demurrer, or that he should employ a lawyer to do it for him. The substantial require-

ment of the law is fulfilled if the party to be affected by an increased assessment has reasonable notice and an opportunity to be heard before the board acts.

The remaining objection, that the board acted in this case without evidence is not sustained by the proof. Of course it devolved upon the defendant, the state having established a *prima facie* case by the introduction of the delinquent list (C. L. 3158), to prove that the board acted without evidence to justify the increased valuation. But the evidence introduced for this purpose showed that, although no witnesses were sworn and examined, the members of the board, as well as the assessor, made statements as to the value of the property in question. Whether or not the board could act upon facts within the knowledge of its members is a doubtful question, but, if the statement of the assessor was of a character to justify them in raising the assessment, as we presume it was, that was competent evidence.

The law expressly provides that he, in person or by deputy, shall attend the sittings of the board of equalization, and that he shall have the right of making any statement touching assessments as to which there are appeals made to the board. Of course it was with some purpose that the assessor was allowed to make statements to the board, and the only purpose that can be conceived for such statements is that they shall influence the action of the board on the matters depending before them. The idea seems to have been that the statements made by the assessor in his official capacity and under the sanction of his official oath should have the force of testimony. (See sec. 15, Rev. L.; C. L. 3139.) If this is so, and we think such is the meaning of the law, it cannot be said that the board acted in this case without any legal evidence.

There is nothing in the cases relied upon by the appellant which conflicts with the views herein expressed. The utmost extent to which they go is that the board cannot act without a complaint (not necessarily a written complaint) that the assessment is too low, nor without legal evidence

to support the complaint. In our opinion both these requirements have been complied with in this case. (28 Cal. 107; 39 Cal. 670; 44 Cal. 323.)

The judgment of the district court is affirmed.