[No. 953.]

## THE STATE OF NEVADA EX REL. M. C. LAKE, RELATOR, *v.* THE COUNTY COMMISSIONERS OF WASHOE COUNTY, RESPONDENT.

JURISDICTION OF BOARD OF EQUALIZATION TO RAISE ASSESSMENT — CERTIORARI.—If the board of equalization acts without jurisdiction in raising an assessment, that is a good defense *pro tanto* in any suit for the tax, and in such a case the writ of certiorari ought not to be issued to review the action of the board.

IDEM—WRITTEN COMPLAINT NOT NECESSARY.—The law does not require that a written complaint shall be filed in order to authorize the board of equalization to raise an assessment.

IDEM—PUBLICATION OF NAMES MERELY DIRECTORY. — The law requiring a list of persons, the valuation of whose property has been raised by the board of equalization, is merely directory. It is not a defense in a tax suit unless it has actually injured the defendant.

PETITION for writ of certiorari.

The facts are sufficiently stated in the opinion.

*Boardman & Varian,* for Relator.

I. The petition shows upon its face that Lake is the party beneficially interested. The action, though in the name of the state, is substantially brought for Lake's benefit.

II. The affidavit of Hymer can not be considered. The statute does not provide for the preservation of testimony in these cases. (*C. P. R. R. Co.* v. *Placer Co.,* 34 Cal. 352.)

III. No record facts to show that any complaint, oral or written, was presented. The commissioners had no jurisdiction. (*Swift* v. *Ormsby Co.,* 6 Nev. 97.)

IV. The law gave Lake the right, after publication, to have a hearing. There was no publication as required by law. (2 Comp. L. 3139.)

*John Bowman, District Attorney of Washoe County,* and *Wm. Cain,* for Respondent.

I. The writ of certiorari ought to be dismissed, because the state of Nevada is not the party beneficially interested. (*Board of Co. Com. Washoe Co.* v. *Hatch,* 9 Nev. 357; Vol. 1 Comp. Laws, sec. 1498; *Tyler* v. *Houghton,* 25 Cal. 26; *People* v. *Pacheco,* 29 Id. 210; *People* v. *County Judge,* 40 Id. 479; *Paxson* v. *Holt,* Id. 466; *Maxwell* v. *Rives,* 11 Nev. 214.)

II. The action of the board was entirely legal. They had jurisdiction over the subject-matter, generally, and an oral complaint was sufficient to give them jurisdiction in this case. It is not claimed by relator that an injustice has been done in raising the taxes on his land. (*State* v. *N. Belle,* 12 Nev. 91.)

By the Court, BEATTY, C. J.:

The respondents, sitting as a board of equalization, made an order adding to the assessed value of petitioner's property. He seeks by certiorari to have that order set aside and declared void upon the ground that the board had no jurisdiction to act. It is alleged that the order was made without any complaint of undervaluation, either oral or written, having been laid before the board. Upon presentation of the petition we ordered the writ to issue, and the respondents have made their return thereto, which shows that no written complaint was filed, and that there is nothing in the minutes of the board to show that even an oral complaint was made. The return is, however, accompanied by an affidavit of the chairman of the board to the effect that such a complaint was made, but that a recital of the fact was inadvertently left out of the minutes of their proceedings.

The petitioner objects to the consideration of this affidavit on the ground that it is not a part of the record. The objection is probably well founded as the case stands; but we think very respectable authority might be found for ordering the board to amend its record so as to conform to the facts, and to make a return of its record as amended.

This, however, is a question of some nicety; and, as the case may be disposed of upon other grounds, we abstain from deciding or discussing it. Assuming for the present that we cannot, in this proceeding, look beyond the minutes and files of the board, we are all the more convinced that we ought not to have issued the writ. It should have been denied upon the ground that the petitioner had another plain, speedy, and adequate remedy. If the board acted without jurisdiction in raising his assessment, that is a good defense *pro tanto* in any suit for the tax; and since, as we assume, we cannot in this form of action make a full inquiry into the facts upon which their jurisdiction depended, it is all the more necessary that the petitioner should be remitted to that mode of redress in which the facts may be more fully shown. Another weighty consideration impelling us to the same conclusion is the fact that the State, although not a party to this proceeding, would be bound by any order we might make annulling the action of the board, and would be precluded from proving, in its suit for the tax, that a sufficient complaint was made to authorize the action of the board. (*State* v. *C. P. R. R.*, 10 Nev. 79, 80.)

It was claimed by petitioner, at the time of presenting his petition, that section 32 of the revenue law (C. L. 3156), which excludes all except certain enumerated defenses in tax suits, would prevent him from relying upon the want of jurisdiction in the board to raise his assessment. But this is a mistake. The concluding sentence of that section, "and no other answer shall be permitted," must be understood with this qualification, that it does not exclude the direct denial of any allegation of the complaint necessary to be proved in order to entitle the state to recover. The assessment is one of the facts which the state is bound to prove, and if the commissioners had no jurisdiction to raise petitioner's assessment, their act was void, and can be collaterally attacked. (*People* v. *Reynolds*, 28 Cal. 108; *People* v. *Flint*, 39 Id. 670; *People* v. *Goldtree*, 44 Id. 323; *Beck* v. *Commissioners of Washoe*, recently decided in this court.)

We intimated in the case of *The State* v. *Northern Belle Company* (12 Nev. 92, 93), that an oral complaint was sufficient to authorize action by the board of equalization. We know of no decision to the contrary, unless it can be said that it was so held in *People* v. *Goldtree, supra.* But the point was not really involved in that case, as it was decided upon the ground that there was no complaint of any sort made to the board. All that was said, moreover, was that it had been held in *People* v. *Reynolds,* and affirmed in *People* v. *Flint,* "that the filing of a complaint was necessary." By reference to those cases, however, it will be seen that the point was not decided in either of them. In the first there was no sort of complaint made, and all that was decided or intimated was that some sort of complaint was necessary. In the second case a written complaint had been filed, but it was held to be defective in substance. The truth is, the point has never been directly passed upon in California, and we find nothing in either the letter or spirit of the statute requiring a written complaint.

We have not noticed the other point relied upon by the petitioner, that is, that the clerk failed to publish a list of the persons the valuation of whose property had been raised by the board, for the reason that in our opinion it does not affect the question of jurisdiction. The publication of such notice is one of those acts "between the assessment and commencement of suit" which are expressly declared to be "directory merely," and a non-performance of which is not ground of defense in a tax suit unless it has actually injured the defendant. (C. L. 3156; *State* v. *C. P. R. R.,* 10 Nev. 61.)

The writ having been improvidently issued is hereby set aside and the proceeding dismissed.