THE CENTRAL PACIFIC RAILROAD COMPANY, APPELLANT, v. HYRUM STANDING, RESPONDENT.

TAXATION — BOARD OF EQUALIZATION — COMPLAINT — NOTICE — WAIVER.

1. Under the statute (Sess. Laws 1890, p. 52), the word "complaints," as applied to boards of equalization, is not used in the technical sense in which the word "complaint" is used in the Civil Code, and it is not necessary that a formal allegation or charge in writing should be filed in a case in order to confer jurisdiction upon the board.

2. Where a person appears before a board of equalization in response to a notice, and is afforded an opportunity to be heard, all objections to the form of the notice are waived.

(No. 707.   Decided June 5, 1896.   45 P. R. 344.)

Appeal from the district court of the Fourth judicial district, Territory of Utah.   Hon. W. H. King, *Judge.*

Action by the Central Pacific Railroad Company against Hyrum Standing, tax collector of Box Elder county, to restrain defendant by injunction from collecting certain taxes and from selling land to pay said taxes in pursuance of the action of the county court sitting as a board of equalization whereby the taxes of plaintiff herein were raised.   From a judgment in favor of the defendant plaintiff appeals.   *Affirmed.*

*Marshall & Rayle,* for appellant.

*Nels Jensen* and *Maloney & Perkins,* for respondent.

BARTCH, **J.:**

The defendant in this case was tax collector of the county of Box Elder, Utah, and the plaintiff brought this suit in equity to restrain him from selling any portion of its real estate, situate in that county, to enforce the collection of certain taxes which it claims were wrongfully assessed.   It appears from the record that the property in question was duly assessed for the year 1894 by the proper officer; that afterwards the probate judge and selectmen, sitting as a "board of equalization," raised the assessment so made; that the plaintiff paid the taxes on the original assessment, but refused to pay those occasioned by reason of the increase in the assessment; and that the tax collector attempted to enforce the payment of the additional taxes resulting from such increase.   The appellant contends that the board of equalization had no jurisdiction to raise the assessment, because no writ or complaint was filed, or any copy served on it.   At the trial, in open court, it was stipulated that a verbal complaint, stating that the plaintiff's property was assessed

too low, was made to the board, and the respondent maintains that such complaint was sufficient, under our statute, to give the board jurisdiction, and that no service of a written complaint was required. The statute law referred to is found in section 9 of the act approved March 13,'1890 (Sess. Laws, p. 52), which amends section 2027 of Comp. Laws Utah 1888, and, among other things, provides that the assessment roll shall be returned "to the county court, who shall constitute a board of equalization, and shall have power to determine all complaints made in regard to assessed value of any property, and may change or correct any valuation, either by adding thereto, or deducting therefrom. Upon hearing of complaints, the board may subpœna and administer oaths to witnesses, and hear and take such evidence in relation to the subject pending, as in its discretion it may deem proper. And if the board of equalization shall find it necessary to add to the assessed valuation of any property on the assessment roll, they shall direct the clerk to give notice to the persons interested by letter, postage prepaid, deposited in the postoffice or otherwise, naming the day when they shall act in the case, and allowing a reasonable time for such party to appear." Under this provision a board of equalization has power to add to or deduct from the amount assessed against any property, as shown by the assessment roll, or they may correct any valuation made by the assessor; and it is the duty of such board to hear all complaints made respecting the assessed value of property. It is evident, however, that the word "complaints" is not used in this statute in the technical sense in which the word "complaint" is used in the Civil Code, and it is not necessary, nor was it intended, that a formal allegation or charge in writing should be filed in a case in order to confer upon the board jurisdiction to determine any question as to the assessed

value of any property. Nowhere in the statute does any such intention on the part of the legislature appear. Doubtless the word in question was used in its ordinary sense, and what is required is that, before the board can act in a case, some one must complain, either orally or in writing, that the assessment is either too high or too low, and request that the valuation **be** diminished or increased, as the case may be.

Admitting that the acts of such a board when changing the assessed value of property are *quasi* judicial in character, still it would seem unreasonable to hold that by the language used in the statute under consideration the legislature intended that every person who had occasion to complain to such board of what he considered an erroneous or improper valuation or assessment of property must, before the board could assume jurisdiction to act, file a written complaint, which would stand the test of a special demurrer, or employ some one versed in the technicalities incident to pleading to do it for him. Such an interpretation would be as unprofitable and impracticable as it would be unreasonable, because of the delays incident to the practice which it would require and the expense resulting therefrom, which in very many instances would exceed the whole amount of tax that could be levied against the property under the assessment. Clearly, the requirement of the statute in this regard has been fulfilled when complaint has been made to the board, stating the objections to the assessment, either orally or in writing; and we think there is nothing in the law to prohibit a member of the board from making such complaint. Nor, when made, is there any provision requiring service of a complaint upon the person whose valuation of property is to be affected thereby. *State* v. *Northern Bell Mill & Min. Co.,* 12 Nev. 89; *State* v.

*Washoe Co.*, 14 Nev. 140; *Allison Ranch Min. Co.* v. *Nevada Co.* 104 Cal. 161.

Upon the hearing of complaints the board has the discretionary power to subpœna witnesses and hear evidence. The hearing of extrinsic evidence, however, does not appear to be mandatory. The board may do so, but their action in hearing evidence or not cannot be made the basis of controversy, unless there has been a clear abuse of discretion on the part of the board. The plain duty of such a board is to equalize the assessments so that the taxable property of all persons, natural and artificial, will be valued fairly and impartially on the same basis. In the case at bar it is not claimed that there was an abuse of discretion, nor that the plaintiff was denied the privilege of producing evidence at the hearing in support of its contention that the assessment ought not to be raised. Under these circumstances the question of evidence is not material.

The appellant further insists that it received no proper notice of the hearing. There is no doubt that in every case of a complaint of undervaluation the giving of a reasonable notice to the party interested of the time and place of the hearing is a requisite to jurisdiction if the board find it necessary to increase the assessed value of the property, so that an opportunity may be afforded such party to be heard and to produce evidence in his own behalf before the matter is finally settled and determined by the board. How the notice shall be given is provided in the statute. A reasonable time for the interested party to appear must be allowed. In this case notice was given as follows: "July 20, 1894, Central Pacific Railroad Company, San Francisco, California: You are hereby notified that the county board of equalization proposes to raise the assessment on your lands as shown by the five sheets herewith attached, and that the

county court will sit as a board of equalization at the county courthouse in Brigham City, Box Elder county, on Tuesday, the 31st day of July, 1894, between the hours of 10 a. m. and 4 p. m., and hear reasons why such raise should not be made. By order of the court. Oleen M. Stohl, County Clerk." We think this notice in form was a substantial compliance with the statute, but, if it were not, the company, having received it, and appeared by counsel at the hearing, and having had an opportunity to be heard, cannot now complain of its insufficiency. Where a person appears before a board of equalization in response to a notice, and is afforded an opportunity to be heard, all objections to the form of the notice are waived. *Spring Valley Water Works* v. *Schottler,* 62 Cal. 69; *Farmers, etc., Bank,* v. *Board of Equalization,* 97 Cal. 318; 32 Pac. 312. Counsel for the appellant seem to rely on the cases of *Patton* v. *Green,* 13 Cal. 329; *People* v. *Reynolds,* 28 Cal. 111; *People* v. *Flint,* 39 Cal. 670; and *People* v. *Goldtree,* 44 Cal. 323,—especially on the point of the insufficiency of an oral complaint. Those cases hold that a board cannot act without a complaint. This does not necessarily mean a complaint in writing. From a careful perusal, none of them appear to conflict with the views herein expressed, unless it be the case of the *People* v. *Goldtree, supra,* wherein it is stated that it had been held in *People* v. *Reynolds,* and affirmed in *People* v. *Flint,* "that the filing of a complaint was necessary," but in neither one of those cases was that point decided, as may be observed by examination. In *People* v. *Reynolds* it was simply decided that the board could not increase the assessed value of property without a complaint. In *People* v. *Flint* a written complaint had been filed, but it was held insufficient, because it did not states that the value of any parcel of property was too low, the complaint being "entirely nugatory for any purpose."

There are other points presented by counsel in their briefs, and while they have not escaped our notice, still we do not deem further discussion necessary to the decision of this case. The record appears to contain no reversible error. The judgment is affirmed, with costs.

ZANE, C. J., and MINER, J., concur.