[Civ. No. 3407.    Second Appellate District, Division Two.—August 14, 1920.]

## ACACIA ORENE RICKARD, Petitioner, v. THE COUNCIL OF THE CITY OF SANTA BARBARA, Sitting as the Board of Equalization, etc., et al., Respondents.

[1] TAXATION — EQUALIZATION OF ASSESSMENTS — NECESSITY FOR COMPLAINT—CONSTRUCTION OF SANTA BARBARA CHARTER.—In reviewing the assessments of individuals, under the provisions of section 85 of the charter of the city of Santa Barbara, the powers of the council, sitting as a board of equalization, are not original, but are appellate and specific, and dependent upon the condition that there shall first be made a complaint upon which such board may act and hear evidence to determine whether the objection to the assessment is well founded; but it is not necessary that such complaint be in writing, an oral complaint being sufficient.

[2] ID.—RECITAL IN RESOLUTION—EVIDENCE OF COMPLAINTS.—The recital, in a resolution of such board of equalization, that it "has heard and adjudicated all complaints," etc., is not of itself sufficient as legal evidence that "complaints," either written or oral, were made to such board, as contemplated by section 85 of the charter.

[3] ID.—ASSESSMENT OF PROPERTY—PRESUMPTION.—The law presumes that the assessor, when he assessed the property, performed his duty, and that, therefore, he assessed all property fairly and upon an equal basis.

[4] ID. — JUDICIAL FUNCTION OF BOARD — JURISDICTIONAL PREREQUISITES.—The council of the city of Santa Barbara, sitting as a board of equalization, under the provisions of section 85 of the city charter, exercises judicial functions, and before it can acquire jurisdiction to review the assessor's work, every jurisdictional prerequisite must be fulfilled.

[5] ID.—ABSENCE OF COMPLAINT—UNAUTHORIZED INCREASE OF ASSESSED VALUE OF PROPERTY — REMEDY OF OWNER. — Where the council of the city of Santa Barbara, sitting as a board of equaliation, increases the assessed value of a given piece of property, without a complaint having been made to said board, as contemplated by section 85 of the charter, the remedy of the aggrieved property owner is to pay the tax under protest and then bring an action to recover back the illegal part of the tax, as provided by section 3819 of the Political Code, and not by a proceeding in *certiorari* to annul the order of the board.

PROCEEDING in Certiorari to annul an order of the board of equalization of the city of Santa Barbara increasing the assessed value of property. Alternative writ set aside and proceeding dismissed.

The facts are stated in the opinion of the court.

Richards, Heaney & Price, for Petitioner.

W. P. Butcher and Robert M. Clarke for Respondents.

FINLAYSON, P. J.—This is an original proceeding in *certiorari* to annul an order of the council of the city of Santa Barbara, sitting as a board of equalization, whereby the assessed valuation of petitioner's property was increased. Petitioner seeks to have the order declared void upon the ground that the board had no jurisdiction, for the reason that, according to her claim, no "complaint" was made to the board, as contemplated by section 85 of the city charter, which reads: "On the first Monday in July in each year, and daily thereafter until and including the following Saturday, or for such further time as they may find necessary, the Council shall meet as a Board of Equalization, for the hearing and adjudication of all complaints regarding the description, valuation and ownership of assessed property, or the omission of property which should be assessed, and notice of the time and place of such meetings shall be included with notice of publication of the tax-roll, and upon such roll when published. At such meetings the Council shall publicly order, and the assessor shall enter upon the tax-roll, all such corrections as may be adjudged equitable, and in case of any additional assessment, the assessor shall immediately send written notice of the same to the person assessed." It will be noticed that by this charter provision the board of equalization is authorized to meet for the hearing and adjudication of "complaints."

[1] In reviewing the assessments of individuals, the powers of the board of equalization, under this charter provision, are not original, but are appellate and specific, and dependent upon the condition that there shall first be made a "complaint" upon which the board may act and hear evidence to determine whether the objection to the assess-

ment is well founded. (*People* v. *Reynolds*, 28 Cal. 108; *People* v. *Flint*, 39 Cal. 670; *People* v. *Goldtree*, 44 Cal. 323.) But it is not necessary that the complaint should be in writing. The charter requirement is fulfilled when a complaint has been made to the board, stating the objections to the assessment, either orally or in writing. That an oral complaint is sufficient has been held in well considered opinions by the highest courts of sister states construing similar statutory requirements. (See *State* v. *Northern Belle M. Co.*, 12 Nev. 92; *State* v. *Washoe Co.*, 14 Nev. 140; *Central Pac. R. Co.* v. *Standing*, 13 Utah, 488, [45 Pac. 344].) And we know of no decision in this state to the contrary, unless it can be said that a written complaint was held to be essential in *People* v. *Goldtree, supra*. But there the point was not really involved, as that case was decided upon the ground that no complaint of any sort whatever had been made to the board. All that these early California cases hold is that under section 23 of the Revenue Act of 1861 (Stats. 1861, p. 427), the board cannot act without a complaint. This, as said by the Nevada and Utah courts in the cases cited *supra*, does not necessarily mean a complaint in writing. And we are satisfied that an oral complaint, stating the objections to the assessment, will answer all the requirements of this charter provision.

Upon the presentation of the petition for the writ of *certiorari*, we ordered the writ to issue, and thereafter the respondents made their return, setting forth therein what purports to be a full, true, and correct copy of the record of the proceedings of the board of equalization. Nowhere in the return to the writ is there to be found any written complaint of any assessment. As the return purports to set forth, in full, all matters before the board of equalization and the proceedings of the board thereon, we can only conclude that no written complaint of the assessment of petitioner's property was made or heard and determined. It is possible, however, that oral complaints, sufficient to meet the charter requirement, may have been made, and, as there is no law, of which we are aware, requiring a written record to be made of such complaints, they may have been made notwithstanding the record's silence. [2] The resolution of the board of equalization approving the tax-roll recites that the board "has heard and adjudicated all *com-*

*plaints* regarding the description, valuation, and ownership
of the property assessed, and publicly ordered and caused
the assessor to enter upon such tax-roll all corrections made
by it, as required by law and the charter of said city." We
do not think, however, that this mere recital that the board
heard and adjudicated "complaints" is of itself sufficient
as legal evidence that "complaints," either written or oral,
were made to the board as contemplated by section 85 of the
charter. [3] The law presumes that the assessor, when
he assessed the property, performed his duty, and that,
therefore, he assessed all properties fairly and upon an
equal basis. [4] The board of equalization exercises judi-
cial functions, and before it could acquire jurisdiction to
review the assessor's work, every jurisdictional prerequisite
must have been fulfilled. It is well settled that no in-
tendments can be indulged in favor of the jurisdiction of
inferior tribunals, but that their jurisdiction must affirma-
tively appear. There seems, however, to be authority for
the proposition that upon *certiorari,* if the jurisdictional
facts do not appear of record because the law has not re-
quired a record of them to be made, the respondent may be
required not only to certify what is technically denomi-
nated the record, but also to present such evidence of the
jurisdictional prerequisites as may be necessary to deter-
mine the question of jurisdiction. (*Blair* v. *Hamilton,* 32
Cal. 53; *Whitney* v. *Board,* 14 Cal. 479; *Lowe* v. *Alexan-
der,* 15 Cal. 300; *In re Madera Irr. Dist.,* 92 Cal. 335, [27
Am. St. Rep. 106, 14 L. R. A. 755, 28 Pac. 272, 675];
*Stumpf* v. *Board,* 131 Cal. 367, [82 Am. St. Rep. 350, 63
Pac. 663]. See, however, *Farmers' etc. Bank* v. *Board,* 97
Cal. 325, 326, [32 Pac. 312].) In *Blair* v. *Hamilton, supra,*
it is said: "In many cases jurisdictional facts may not
appear of record, either by failure of the inferior court or
officer to follow the requirements of the law and make them
of record, or because the law itself does not require it to
be done. In such cases this court, and all other courts
having jurisdiction to review and correct the proceedings
of inferior courts, would be powerless, unless it can compel
the inferior tribunal to certify to this court not only what
is technically denominated the record, but such facts, or the
evidence of them, as may be necessary to determine what-
ever questions as to the jurisdiction of the inferior tribunal

may be involved, and the grossest abuses of power, to the great reproach of the law, might be perpetrated with impunity and without the possibility of a remedy.'' Whether evidence *dehors* the record may be given in this proceeding for the purpose of showing whether the board acted upon a sufficient oral complaint is a nice question that need not be decided. [5] For we are satisfied that this is not a case for *certiorari*, since petitioner has another form of redress that gives her a plain, speedy and adequate remedy.

Petitioner is, we think, afforded a plain, speedy, and adequate remedy by the action at law which an aggrieved taxpayer is permitted to bring under section 3819 of the Political Code. We think, therefore, that we ought not to have issued the writ. In *State* v. *Washoe Co.,* 14 Nev. 140, the supreme court of Nevada held that if the board of equalization acts without jurisdiction in raising an assessment, that fact is a good defense *pro tanto* in any suit for the tax, and, being a good defense, the taxpayer is thereby afforded a plain, speedy, and adequate remedy, so that the writ of *certiorari* ought not to issue to review the action of the board. The petitioner here, under section 3819 of the Political Code, may pay her tax under protest, and thereafter, within the time provided by this code section, may bring an action to recover back the illegal part of the tax. (*Mackay* v. *San Francisco,* 113 Cal. 401, [45 Pac. 696]; *Columbia Sav. Bank* v. *Los Angeles,* 137 Cal. 467, 70 Pac. 308].) If the method pursued in making an assessment is not that prescribed by law, the matter can always be gone into by the courts and the taxpayer relieved of the assessment. (*Miller & Lux* v. *Richardson,* 184 Cal. 115, [187 Pac. 411].) A weighty reason impelling us to the conclusion that petitioner should be remitted to the mode of redress provided by section 3819 is that in an action brought by her under the permissive provisions of that code section there can be no question as to the right of the respective parties to go fully into all the facts relative to the question as to what complaints, if any, were made before, and heard and determined by, the board of equalization.

The writ having been improvidently issued, is hereby set aside and the proceedings dismissed.

Thomas, J., and Weller, J., concurred.