## RYAN v. DALY.

A confession of judgment to a *bona fide* creditor, and the issuance of execution, and making levy under the same by the judgment debtor, without the knowledge of the judgment creditor, done with the knowledge that another creditor is about to attach, and for the purpose of defeating his attachment, is void as to the attaching creditor.

APPEAL from the District Court of the Sixth Judicial District.

Bill to enjoin a judgment confessed by defendant Daly, to defendants Douglass & Co. It is admitted that Douglass & Co. were *bona fide* creditors of Daly, in the amount of the judgment, and were ignorant of any fraud in the entering of the judgment, but that Daly, knowing that the plaintiff, also his creditor, was about to issue an attachment, and being in failing circumstances, confessed the judgment, and caused an execution to issue and levy to be made, without the knowledge of Douglass & Co., for the purpose of preferring them and preventing the plaintiff from satisfying his claim out of the property.

The Court below refused to grant the injunction, and ordered the money in the sheriff's hands to be paid to Douglass & Co.

Plaintiff appealed.

*W. S. Long and C. D. Judah* for Appellant.

The confession of a judgment by a failing or insolvent debtor for a part consideration, or any other act of the debtor, in contemplation of bankruptcy, the effect of which is to secure to a single creditor the whole of the debtor's property, is void. Sec. 39 of Insolvent Law, also Stat. of Frauds, Comp. Laws, p. 202; Cheever v. Hays, 4 Cal. Rep. p. —; Widgery v. Haskell, 5 Mass. R., 144; Ogden et al. v. Cummings, 1. John. R., 369; Deny v. Dana, 2 Cushing R., 160.

The defendants, Douglass & Co., in giving their assets and availing themselves of the act of the debtor, must take the assignment or judgment *cum onere*; their assets relate back to the time when Daly confessed the judgment, and according to his declarations he did so under

circumstances, which, (under the admissions of D. & Co. as to Daly's condition at the time,) attached as conditions and qualified the transaction. It was not an absolute, unconditional act, but in equity, taking all the circumstances together. D. & Co. were made trustees and the proceeds in their hands may be regarded as equitable assets, in which the plaintiff below had an interest.

The bill filed by plaintiff was the proper remedy. Swains *v.* Tifts, 16 Barb. S. C. R., 541.

*Robinson & Beatty* for Respondents. No brief on file.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Chief Justice MURRAY concurred.

It is admitted by the parties, that Daly being in failing circumstances, confessed a judgment in favor of Douglass & Co., and himself procured an execution to be issued and levied on his property without the knowledge or solicitation of Douglass & Co.; that this was done with a full knowledge of plaintiff's intention to sue out an attachment against him, and for the purpose of preventing the plaintiff from satisfying the same out of his (Daly's,) property.

The 20th section of the statute, concerning fraudulent conveyances and contracts provides, that all judgments, suffered with intent to hinder, delay or defraud creditors, shall, as to such creditor, be void. It follows that the confession of judgment by Daly in favor of Douglass & Co., having been suffered for the purpose of hindering and delaying the collection of plaintiff's debt, is void to him.

Judgment reversed.