GLADWIN *et al. v.* GLADWIN *et al.* GARRISON *et al.* INTERVENORS.

AN outstanding liability as surety or indorser for another, together with an express promise by such surety or indorser, to the principal, that he will make the debt his own and pay it, is a sufficient consideration for an express promise to pay an equal amount on demand.

APPEAL from the Twelfth District.

For case, see opinion.

Defendants were insolvent. The case was tried by the Court; the defendants, Gladwin, Hugg & Co. not answering, the contest was between plaintiff and intervenors. Judgment was entered for plaintiff against defendants, and that the intervenors take nothing by their intervention. Intervenors appeal.

*Crockett & Crittenden,* for Appellants, cited (*McKenty* v. *Gladwin, Hugg & Co.* 10 Cal. 227; *Taaffe* v. *Josephson,* 7 Id. 352; *Ryan* v. *Daly,* 6 Id. 238.) The antedating of the note sued on—the manufacture of a present cause of action out of debts not due—the con-

verting of an accommodation contingent liability into a debt due —the agreement that plaintiff should sue out attachment by way of securing the debt; these facts, appearing without explanation, were a fraud in law upon the other creditors. (1 S. & P. 139; 9 Porter, 39; *Chenery* v. *Palmer*, 6 Cal.; 5 Cow. 548; 4 John. 356; 15 Id. 458; 8 Ala. 694; 7 Id. 142; 14 Id. 537; 9 Id. 704; 21 Vt.; 6 Wash. 599, and Cases; *ex parte* Foster, 2 Story, 131; Id. 340; Watts & Serg. 138; *In the matter of Hunt*, 7 Wend. 240; 6 Rob. 101; 7 Id. 61; *Cheever* v. *Hays*, 3 Cal. 471; *Groschen* v. *Page*, 6 Id. 138.)

*Hall McAllister*, for Respondents.

The case of *McKenty* v. *Gladwin, Hugg & Co.* is not in point. That whole decision turned upon the fact that McKenty had taken a note on the 16th June, 1857, antedated to the 4th June, 1857, and drawing interest, from date, at the rate of two and one-half per cent. per month, until paid; that there was no consideration for the interest, and that McKenty included said interest in the note knowingly, and with the intention of enforcing said note according to its terms.

An outstanding liability as surety or indorser for another, together with a contract, or express promise, by such surety or indorser to the principal, that he will make the debt his own, pay it, and relieve the principal therefrom, is a good consideration for a promissory note by the principal, payable on demand, for an equal amount. This proposition settles the case. (*Little* v. *Little*, 13 Pick. 426; *Cushing* v. *Gore*, 15 Mass. 69; *Hazeltine* v. *Guild*, 11 N. H. 390; *Brewster* v. *Bours*, 8 Cal. 501; *Dana* v. *Stanford*, 10 Id. 269; *Eastman* v. *Cooper*, 15 Pick. 279; *Toussaint* v. *Martinnant*, 2 Term. 100—104; *Martin* v. *Court*, 2 Id. 640.)

TERRY, C. J. delivered the opinion of the Court—FIELD, J. concurring.

Defendants, Gladwin, Hugg & Co. gave to the plaintiff a note to cover the amount of liabilities incurred by plaintiff by indorsements made for the accommodation of Gladwin, Hugg & Co. At the time of executing the note, Gladwin, Hugg & Co. were about to fail, and the note was given for the purpose of enabling plaintiff to secure himself by attaching property. The

consideration of the note was the liability incurred by plaintiff as the indorser for defendants, and his express promise to assume and pay such liabilities. The note, which was dated the 17th of May, was delivered to plaintiff on the 18th, and an attachment issued on the same day, which was levied on the property of Gladwin, Hugg & Co. Subsequently, an attachment issued at the suit of Garrison & Co. against Gladwin, Hugg & Co. and was levied on the same property. Garrison then intervened in this action, and seeks to acquire precedence over plaintiff's attachment, on the ground that the note given to plaintiff is within the statute of frauds and void as to the conditions of the maker.

It appears from the evidence and finding of the Court below, that there was no actual fraud in the transaction, and the question involved is, whether the promise of plaintiff to assume and pay certain liabilities which he had incurred as indorser for defendants, and which were not at the time due, was a sufficient consideration to support a promissory note on demand.

We think the case is within the principle announced by this Court in *Dana* v. *Stanford*, (10 Cal. 269.) In that case an insolvent, in order to secure a sum due, and, also, to protect his grantee against outstanding liabilities incurred as accommodation indorser, executed a mortgage upon his entire property. This mortgage was held to be good as against the creditors of the insolvent, and we can see no reason why a party who may create a lien on his property to secure a creditor or surety may not execute a note which will enable the party to acquire a lien by legal process.

But the precise question here presented has been passed upon in the highest Courts of our sister States. The case of *Little* v. *Little*, (13 Pick. 426,) is in all respects analogous to the one at bar. A note on demand was executed in favor of plaintiff to cover the amount of outstanding liabilities incurred by plaintiff for the accommodation of the maker. These liabilities were not at the time due, and the note was executed to enable the plaintiff to secure himself by attachment. A subsequent attaching creditor contested the validity of the note, and plaintiff was nonsuited. Upon appeal the Court said :

" In many particulars the case resembles *Cushing* v. *Gore*, (15

Gladwin v. Garrison.

Mass. 73.) We think the fair deduction from the principles laid down in that case is, that an outstanding liability as surety or indorser for another, together with a contract or promise, express or implied, by such surety or indorser to the principal, that he will make the debt his own, and pay it, and so indemnify the principal, is a good consideration for an express promise to pay an equal amount on demand."

The case of *Cushing* v. *Gore*, was much stronger than the case at bar. It was a suit upon a promissory note for five thousand dollars, and a check upon one of the banks in Boston for two hundred. The note was given on the 18th day of January, 1817, and was ante-dated January 5th: the note was intended to cover the amount of liabilities incurred by the payee as indorser for the maker, and was given to enable the payee to secure himself by attachment. On the same day on which the note was executed suit was instituted, and an attachment issued, which was levied on the goods of defendant. Subsequently, the same goods were attached by other creditors, upon demands which fell due before either of the three notes so indorsed by the plaintiff became due, and the defendants contended that this operated as a fraud upon the other creditors, giving an undue advantage and preference to the plaintiff. And the defendant, Gore, who, alone appeared to defend, held himself bound, in justice to those other creditors, to take this ground of defense to the present action. On this point the Judge instructed the jury "that the defendants, when they were enabled to pay all their debts, might, by our laws, give a preference to any one creditor, by paying or giving him security; and that as they might do this by assigning to the plaintiff any of their goods, so they might do it by giving a note to anticipate the day of payment, and so enable him to attach their goods." Upon appeal, Parker, C. J. in delivering the opinion of the Court, said: "It is objected by the counsel for the defendants, that there was no legal consideration for this note; there being merely a liability on the part of the plaintiff to pay the notes which he had indorsed. We think, however, that such a consideration is good, and sufficient to support an express promise.

Whether the plaintiff should be called upon, or eventually be obliged to pay, was contingent when he indorsed the defendant's

notes; but, there is no doubt, if he had refused to indorse them without receiving a promissory note of the defendants, to enable him to secure himself when danger should be apprehended, the defendants would be prevented from denying the validity of their promise. In the present state of the mercantile world, it would excite great surprise if we were to decide that a note deliberately given to an indorser, for the very purpose of enabling him to secure himself against the effect of his indorsement, would not answer the purpose for which it was intended. * * * But if there were any doubt of the principle, to the extent mentioned, we think that when an indorser has, either expressly or impliedly, undertaken to pay the note by him indorsed, there can be no question that such an undertaking is a good and valuable consideration for a promissory note."

The case of *Haseltine* v. *Guild*, (11 N. H. 390) is to the same effect, and we have seen no decision to the contrary. The cases cited by Appellant differ in several important respects from the one at bar. In *Ryan* v. *Daly*, (6 Cal. 238,) it was admitted that the judgment was confessed for the purpose of preventing the collection of plaintiff's demand. In *Taaffe* v. *Josephson*, (7 Cal. 353) attachment was issued upon several promissory notes, one of which was not due, and this fact was held to vitiate the judgment. In *McKenty* v. *Gladwin*, a note bearing interest at two and one-half per cent. was executed for the amount of the debts not due and bearing no interest. The note was antedated for the purpose of receiving a larger amount of interest upon it. The Court said, " In this case it was only necessary to determine two questions :

1st. Was there any consideration for the interest secured to be paid by this note ? If there was no legal consideration for this interest, and the note should be enforced according to *its terms*, it would unjustly take from the other creditors and give to the plaintiff the amount.

2d. Was this result *knowingly intended* by the plaintiff?

In regard to the first question, the proof is conclusive. The plaintiff himself was examined as a witness by the intervenors, and Mr. Hugg, one of the defendants, was examined as a witness for the plaintiff, and, from their testimony, it was clear that the entire consideration for which the note was given was com-

posed of certain known and specified items, not one of which was due, and not one of which drew interest. And, as to the second question, we cannot see how there could exist a doubt. If we take it to be true, for the sake of the argument only, that the plaintiff intended to collect this interest, knowing at the time that none of the demands he held against the plaintiff drew interest, and therefore that he was not entitled to any, it is difficult to conceive how the intervenors could more conclusively prove the fact of such intention than they did by the testimony of the plaintiff himself and the defendant, Hugg. The eight different items, constituting, together, the entire principal sum for which the note was given, were clearly known to plaintiff, who added them together and himself drew the note. It must have been known to plaintiff that none of these items were due, and that none of them drew interest. That he intended to collect the interest and appropriate it to himself is clear from his own testimony: "I do not know why I dated it on the 4th of June, except that I would receive ten days' interest on the amount. * * * I do not know that I had any other motive for antedating than that I should receive interest for ten days." And, when suit was brought upon the note, the prayer of the complaint was for judgment, including principal and interest.

In this case the parties seem to have acted with perfect good faith. The plaintiffs had incurred large liabilities by indorsements for the accommodation of defendants. The defendants were naturally anxious to secure plaintiffs against loss on account of such liabilities, and for that purpose executed the note sued on, upon the express promise of plaintiffs to discharge the liabilities incurred on behalf of defendants, and which promise, it appears, had been complied with.

This, as we have seen, constitutes a sufficient consideration to support the promise to pay on demand and to enable plaintiffs to recover upon the note. Judgment affirmed.