[No. 2,890.]

## JOHN KEYS *v.* THE BOARD OF SUPERVISORS OF MARIN COUNTY.

AUTHORITY OF DISTRICT COURTS AS TO CERTIORARI.—The District Courts and the Judges of those Courts have authority to issue the writ of certiorari. The amendments to the Constitution do not affect the question.

PROCEEDINGS OF SUPERVISORS SUBJECT OF REVIEW.—The proceedings of a Board of Supervisors, in laying out a highway, involved the exercise of judicial functions in the sense of rendering such proceedings the subject of review through the instrumentality of a writ of certiorari.

JUDICIAL DISCRETION AS TO CERTIORARI.—The granting or refusal of a writ of certiorari for the purpose of reviewing the action of a Board of Supervisors, is within the sound discretion of the Court, having due regard to public convenience.

CERTIORARI BARRED BY THE LAPSE OF A YEAR.—Unless circumstances of an extraordinary character be shown to have intervened, the remedy through a writ of certiorari should be held to be barred by the lapse of one year.

EXPENDITURES OF PUBLIC MONEY TO BE CONSIDERED.—The Board of Supervisors of Marin County made an order opening a highway, and, under

the belief that the proceedings were final, considerable sums of the public moneys were expended in improving the road. *Held*, that parties injured by the road, who failed to complain for more than a year after the order was made, should be remitted to their ordinary remedies.

APPEAL from the District Court of the Seventh Judicial District, Marin County.

The facts are stated in the opinion of the Court.

*E. B. Mahon*, for Appellant.

Under the Constitution of the State, as amended, the District Court, and much less the Judge at chambers and on ex parte application, has no power or jurisdiction to issue such writ. By Article VI, section four, of that instrument, original jurisdiction to issue this writ and to hear and determine proceedings under it, was given to the Supreme Court. (*Tyler* v. *Houghton*, 25 Cal. 28; *Miller* v. *Sup. of Sac. County*, 25 Cal. 95.)

The remedies by action are adequate. If the proceedings are void, trespass will lie (2 Hill, 28, 29), and there is a remedy provided by the statute under which the road was laid out. (Statutes of 1866, p. 715, Sec. 13.)

The application for the writ is too late—it is nearly two years after the order was made, and after large expenditures have been incurred. If the defendant was dissatisfied with the proceedings of the Supervisors, and not content with the remedy given him by the statute, he should at least commence his proceedings to set aside their action within a reasonable time. (17 Abb. P. R. 324; *People* v. *Mayor of N. Y.* 2 Hill, 13; *Elmendorf* v. *Mayor of New York*, 25 Wend. 673; *People ex rel. Finch* v. *Overseer of Poor of Berne*, 44 Barb. 467; *People* v. *Supervisors of Queens*, 1 Hill, 198.)

The writ of certiorari does not lie to review the action of the Board of Supervisors in laying out a highway. It is the exercise of the right of eminent domain, executive in its character and not subject to review. The office of the writ

of certiorari is to bring in review the proceedings of Boards, etc., when acting judicially. An examination of the decisions of this Court will show that it has always been confined to that office. (*In re. George M. Hanson*, 2 Cal. 262; *Wilson* v. *Supervisors of Sacramento*, 3 Cal. 386; *Gray & Johnson* v. *Schupp*, 4 Cal. 185; *People ex rel. Church* v. *Hesten*, 6 Cal. 679; *Chard* v. *Harrison*, 7 Cal. 113; *Coulter* v. *Stork*, 7 Cal. 244; *People ex rel. San Francisco Fire Department*, 14 Cal. 479; *Milliken* v. *Huber*, 21 Cal. 166; *Walter* v. *Wilson*, 22 Cal. 465; *Murray* v. *Supervisors of Mariposa County*, 23 Cal. 492; *Fall* v. *Paine*, 23 Cal. 302; *Miller* v. *Supervisors of Sacramento County*, 25 Cal. 93; *People* v. *Shepard*, 28 Cal. 115.)

*Shafter, Southard & Seawell*, for Respondent.

By the Court, WALLACE, J.:

This appeal is taken from the judgment of the District Court of the County of Marin, rendered upon the return to a writ of certiorari, issued by the Judge of that Court upon the petition of Keys, and vacating certain proceedings of the Board, by which it had located and established a public road, commencing near the Town of Tomales. The order of the Board brought under review was entered upon its records on the 5th day of November, 1868, and the application for the writ was made on the 7th day of October, 1870, nearly two years after the entry of the order.

We are of opinion that the District Courts, and the Judges of those Courts, have authority to issue the writ of certiorari (Pr. Act, Sec. 456, and Act of April 20th, 1863, concerning Courts of justice, etc., Sec. 25), and that the late amendments to the Constitution of the State do not affect the question.

We think, too, that the proceedings of the Board, in establishing the road, involved the exercise of judicial functions in the sense of rendering those proceedings the

subject of review, through the instrumentality of the writ of certiorari. (Pr. Act, *supra.*) The objections urged by the appellant in each of these respects must, therefore, be overruled.

But the granting or refusal of a writ of certiorari, for the purpose of reviewing such proceedings as those here in question, is to be determined by the exercise of a sound judicial discretion. Considerations of the public convenience are not to be overlooked in its determination. In *The People ex rel. Church* v. *The Supervisors of Allegany,* 15 Wend. 206, the Court said: " In the exercise of the superintending power of this Court over inferior jurisdictions, the *writ of error* is a writ of right, and issues on conforming to such regulations as have been prescribed by law. But the writ of certiorari, especially in those cases where it is used for the purpose of reviewing the acts and decisions of the special jurisdictions which are created by statute, and do not proceed according to the course of the common law, such as Boards of Supervisors, Commissioners of Highways, and the like, does not issue *ex debito justitiæ,* but only on application to the Court and special cause shown. The reason is, that these bodies exercise powers in which the people at large are concerned, and great public detriment or inconvenience might result from interfering with their proceedings."

So, too, in *The People ex rel. Agnew and others* v. *The Mayor, etc., of New York,* 2 Hill, 12, which was a certiorari to review the proceedings of the corporation of the City of New York in constructing a public improvement, BRONSON, J., in delivering the opinion of the Court, said: "The allowance of the writ rests in the sound discretion of the Court, and it has often been denied where the power to issue it was unquestionable, and where there was apparent error in the proceedings to be reviewed." In the same case he further observed that it was "important to notice that the

ordinance for making the improvement was passed, the work done, and the assessment made and confirmed more than three years before the certiorari was sued out. The time for bringing a writ of error from a final judgment is limited by law to two years; and I think a case can rarely happen when it would be proper to allow a certiorari after the lapse of a longer period. This is a sufficient ground for quashing the writ, aside from other considerations tending to the same result."

It has been observed already that in the case at bar nearly two years were permitted to elapse after the entry of the order complained of before application was made for the writ. An appeal to this Court from a final judgment of a District Court, is barred by the lapse of one year; and we are of opinion that, unless circumstances of an extraordinary character be shown to have intervened, the remedy through a writ of certiorari should be held to be barred by the lapse of a like period of time.

It appears by the record before us, too, that after the entry of the order complained of, by which this public road was established, or supposed to have been, considerable sums of the public moneys have been expended in the erection of bridges and otherwise rendering the road suitable for the use for which it was intended, doubtless in the belief that the proceedings were free from question as to their legal sufficiency. Under such circumstances, and after such great delay, it is better that parties injured by the proceedings of the Board, or supposing themselves to be so, should be remitted to the ordinary remedies afforded them by the law, rather than allowed to seek redress through the instrumentality of this writ.

The judgment of the Court below must, therefore, be reversed, and the cause remanded, with directions to dismiss the writ; and it is so ordered.

Neither Mr. Justice Sprague nor Mr. Justice Temple participated in this decision.