[No. 18310.   Department Two.—September 21, 1894.]

ALLISON RANCH MINING CO., APPELLANT, *v.* COUNTY OF NEVADA, RESPONDENT.

TAXATION—INCREASING ASSESSMENT—BOARD OF EQUALIZATION—NOTICE.—In a proceeding by a corporation to annul an order of the board of equalization increasing an assessment on its corporate property, recitals in the minutes of the board showing that the citation on which the order was based was directed to an individual described therein as the owner of the property is not presumptive evidence that such property was originally assessed to such individual as owner.

ID.—RECITALS IN MINUTES OF BOARD—NOTICE TO CORPORATION.—Such recitals are not inconsistent with the fact that the individual named was the president, secretary, or managing agent of the corporation, and, if he was, the notice served upon him of the intention of the board to increase the assessment was notice to the corporation.

ID.—EVIDENCE—APPEAL.—In the proceeding to annul the order increasing the assessment evidence is admissible *aliunde* the minutes to show that the individual named in the notice was the president, secretary, or managing agent of the corporation, and that the property was assessed to it; and on an appeal from a judgment refusing to annul the order it will be presumed, in the absence of evidence to the contrary, that such proof was made.

ID.—SUFFICIENCY OF NOTICE—RULES OF BOARD.—Boards of equalization should not be held to very strict rules in the matter of keeping the minutes of their proceedings, and if, under a rule or order of such board, a party has notice of its intended action in regard to the assessment of his property, in time to have a full and fair hearing during the sessions of the board, such notice will be held sufficient, unless it appears affirmatively that a full and fair hearing was denied him by the action of the board.

ID.—AFFIDAVIT FOR INCREASE OF ASSESSMENT.—Under section 3673 of the Political Code a county board of equalization has jurisdiction to raise any individual assessment, without having before it any complaint or affidavit that such assessment is too low, and asking that it be increased.

APPEAL from a judgment of the Superior Court of Nevada County.

The facts are stated in the opinion of the court.

*Charles W. Kitts*, for Appellant.

*Thomas S. Ford*, for Respondent.

DE HAVEN, J.—This proceeding was commenced in the superior court of Nevada county, for the purpose of

CIV. CAL.—11

obtaining a judgment annulling an order of the board of equalization of the county of Nevada, increasing the assessed valuation of certain property belonging to the petitioner.  The petitioner is a corporation, and alleges in its petition that the said board of equalization, "without any notice to petitioner, and without taking any evidence or proofs whatever, arbitrarily raised and increased the assessment upon its said property, as made by the assessor, from $12,000 to $25,000." Upon the filing of the petition a writ of *certiorari* was issued and directed to the county of Nevada.  In its return to the writ the county filed an answer denying the allegations of the petition, and also caused to be returned to the court a certified copy of all the proceedings of the county board of equalization, so far as related to the matter of increasing the petitioner's assessment.  Upon the hearing the superior court gave judgment to the effect that the petitioner take nothing by the action, and that the petition be dismissed.  The judgment itself recites that " upon the evidence, arguments, proofs and premises, the court finds as true each and every allegation of the answer, and finds as untrue such allegations of the petition as are denied."

From this judgment the petitioner appeals, and the case is presented here upon the petition, answer, return and judgment of the court, and without any bill of exceptions.

It is claimed by the petitioner that the following entries appearing in the minutes of the board of equalization show affirmatively that the order complained of was made without notice to the petitioner:

" July 11, 1893.

" A. E. Davis, owner of the Allison Ranch mine, in Grass Valley township, is hereby cited to appear and show cause why the assessment on said mine should not be raised from $12,000 to $25,000.

" July 17, 1893.

" A. E. Davis, owner of the Allison Ranch mine, heretofore cited to appear and show cause why the assessment

on the Allison Ranch mine should not be raised from
$12,000 to $25,000, appeared before the board through
C. W. Kitts, Esq., who, being duly sworn, made a state-
ment in relation to the said mine.

" The board took the matter under advisement.

"Ordered that the assessment of the Allison Ranch
Mining Company on the Allison Ranch mine, in Grass
Valley township, be raised from $12,000 to $25,000."

It is argued in behalf of the petitioner, that this rec-
ord of the board of equalization shows that this order
was based upon notice given to A. E. Davis, and not to
the petitioner, and presumptively, that the property was
originally assessed to Davis as owner.   We cannot ac-
cept this view.   The mere recitals in the minutes of the
board referring to A. E. Davis as owner of the Allison
Ranch mine do not conclusively determine as a fact that
he was the owner of the property; they do not show that
the original assessment was not made to the conceded
owner, the petitioner here, nor are these entries at all
inconsistent with the fact that A. E. Davis was the presi-
dent, secretary, or managing agent of the petitioner, and,
if he was, the notice served upon him of the intention of
the board to increase the assessment of the Allison Ranch
mine was notice to the petitioner, and such notice was
not rendered ineffectual by any want of accuracy upon
the part of the clerk in making up the minute entries in
relation to it.   It was competent upon the hearing before
the superior court to show by evidence *aliunde* the min-
utes that A. E. Davis was the president, secretary, or
managing agent of the petitioner and that the Allison
Ranch mine was originally assessed to it; and we will
presume, in support of the judgment of the superior court,
that such proof was made.   Such evidence would not con-
tradict the record of the board of equalization, and would
show that it acted within its jurisdiction in making the
order complained of.   We do not think that the board of
equalization should be held to any very strict rules in the
matter of keeping the minutes of its proceedings, and the
rule as to the matter of notice to be given the property

owner in such cases as this is properly stated in *Spring Valley Water Works* v. *Schottler*, 62 Cal. 103, as follows: "In our opinion (as intimated in *Patten* v. *Green*, 13 Cal. 330) such tribunals as the boards of supervisors ought not to be held to any great strictness of procedure in the matters above discussed herein, and if, under a rule or an order of such boards, a party has notice of the intended action of a board of supervisors, sitting as a board of equalization, in regard to the assessment of his property, in time to have a full and fair hearing during the sessions of the board, we will hold such notice to be sufficient, unless it appears affirmatively that a full and fair hearing was denied him by the action of the board."

It is urged that the order of the board was void because not based upon a complaint or affidavit filed with the board. There are two answers to this contention: 1. The petition does not assail the jurisdiction of the board upon such ground, and there is nothing in this record to show that the objection was raised in the superior court. 2. Under section 3673 of the Political Code, the jurisdiction of the county board of equalization to give notice of its intention to raise any individual assessment is not made to depend upon having before it a complaint or affidavit that such assessment is too low, and asking that the same be increased. The jurisdiction of the board to act in the matter of increasing an assessment is complete after giving to the person assessed the notice prescribed by that section, and the board may give such notice on its own motion.

Judgment affirmed.

McFARLAND, J., and FITZGERALD, J., concurred.