[L. A. No. 7168. In Bank.—May 31, 1923.]

A. OTIS BIRCH, etc., et al., Respondents, v. THE BOARD OF SUPERVISORS OF THE COUNTY OF ORANGE et al., Appellants.

[1] Taxation—Assessments—Power of Supervisors.—The power of the board of supervisors in acting as a board of equalization to consider the raising or lowering of an assessment is purely statutory and the proceedings are *in invitum* and the board must act in the manner prescribed by statute; otherwise its action is void.

[2] Id.—Order Increasing Assessment — Lack of Notice. — Where a property owner petitions a board of supervisors for reduction of the assessment upon his property, an order of the board increasing the assessment, without notice or suggestion to the property owner of an intention to increase the assessment, violates the provisions of section 3673 of the Political Code, prohibiting an increase of an assessment without notice to the owner.

[3] Certorari—Discretion.—The writ of *certiorari* is a discretionary writ, and it is held in this proceeding to review the action of a board of supervisors raising an assessment upon property that the trial court did not abuse its discretion.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Affirmed.

---

2. Notice to property owners of increase in assessment or valuation by board of equalization or review, notes, 9 A. L. R. 1284; 24 A. L. R. 331; L. R. A. 1916E, 5.

The facts are stated in the opinion of the court.

Alex P. Nelson for Appellants.

Woodruff & Shoemaker for Respondents.

WILBUR, C. J.—This is an appeal from a judgment in favor of plaintiffs in a proceeding to review the action of the Board of Supervisors of Orange County raising the assessment upon plaintiffs' property on the assessment-roll of the county for the fiscal year 1920–21 one hundred fifty thousand dollars, after a hearing upon plaintiffs' application for an eight hundred thousand dollar reduction of the assessment upon their property. The question presented for consideration is whether the Board of Supervisors, after hearing evidence upon the plaintiffs' application for a reduction, had power to increase the assessment above the amount fixed by the assessor without any notice whatever to the petitioners of their intention so to do. The superior court rendered a judgment quashing the order of the Board of Supervisors increasing the assessment upon the plaintiffs' property. Section 3673 of the Political Code provides that the board of supervisors can increase any assessment shown upon the assessment-rolls delivered to them by the assessor within the period fixed for equalization after notice given to the property holder in the manner provided by the rules of the board of supervisors. It has been held that in the absence of such notice that trustees of a city, when sitting as a board of equalization under a similar statute, have no jurisdiction to increase an assessment for city taxes. (*Huntley* v. *Board of Trustees*, 165 Cal. 298 [131 Pac. 859]. See, also, *Allison R. M. Co.* v. *Nevada County*, 104 Cal. 161 [37 Pac. 875]; *Farmers' etc. Bank* v. *Board*, 97 Cal. 318, 325 [32 Pac. 312].) It has also been held that such proceedings before a board of equalization are judicial in nature (*Los Angeles etc. Co.* v. *County of Los Angeles*, 162 Cal. 164 [9 A. L. R. 1277, 121 Pac. 384]), and that they can be reviewed by the court (*Huntley* v. *Board of Trustees, supra*).

These propositions are conceded by the appellants, but appellants contend that upon the application of the plaintiffs for reduction of their assessment it was the duty of

the board to hear evidence with reference to values of the plaintiffs' property and having done so and having ascertained the values to be greater instead of less than the amount of the assessment, that they had jurisdiction to make the order in question upon the theory that the plaintiffs were present upon and participated in the hearing upon the question of valuation and that they are thus bound by the conclusion and order made upon the hearing. [1] The difficulty with this argument is that the power of the Board of Supervisors is purely statutory and that the proceedings are *in invitum* and that the board must act in the manner prescribed by statute, otherwise their action is void. (*Patton* v. *Green,* 13 Cal. 325; *Williams* v. *Bergin,* 108 Cal. 166 [41 Pac. 287].) In this case it is stipulated that no notice whatever, verbal or written, formal or informal, was given to the plaintiffs of the intention of the board of equalization to consider the question of raising the assessment. [2] The order increasing the amount of the assessment was made two days after the submission of the plaintiffs' petition for a reduction for the consideration of the board and without any notice or suggestion of an intention to increase the assessment, and violates the plain provision of the statute (sec. 3673, Pol. Code) prohibiting an increase of an assessment without notice to the owner of the proposal to increase his assessment.

The appellants contend that the plaintiffs have a plain, speedy, and adequate remedy by paying the tax and suing to recover the same under the provisions of section 3819 of the Political Code. It is true that the district court of appeal, in *Rickard* v. *Council of Santa Barbara,* 49 Cal. App. 58 [192 Pac. 726] declined to set aside an assessment on the ground that the property owners had a plain, speedy, and adequate remedy by paying the tax and bringing suit to recover the same, but the plaintiffs in this case point out that under our decision in *Miller* v. *County of Kern,* 150 Cal. 797 [90 Pac. 119], the petitioner is not entitled to recover interest upon the increased tax, which increase is about four thousand five hundred dollars, and for this reason that the remedy by suit to recover the tax is not adequate. [3] The writt of *certiorari* is a discretionary writ. (*Keys* v. *Marin County,* 42 Cal. 252.) The superior

court exercised its discretion in favor of the issuance of the writ and there was no abuse of its discretion in so doing.

Judgment affirmed.

Seawell, J., Kerrigan, J., Waste, J., Lennon, J., Myers, J., and Lawlor, J., concurred.