THE TEXAS COMPANY (P. R.), INC., Petitioner and Appellant, *v.* BOARD OF COMMISSIONERS OF SAN JUAN, Respondent and Appellee.

No. 7201. Argued April 3, 1936.—Decided May 20, 1936.

*James R. Beverley, José López Baralt,* and *R. Castro Fernández* for appellant. *J. Valldejuli Rodríguez* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The Board of Commissioners of San Juan, created by Act No. 99 of May 15, 1931 (Session Laws, p. 626), and empowered by said act to legislate with reference to the management and government of the Capital of Puerto Rico, enacted on June 6, 1933, Ordinance No. 144 fixing the schedule of rates for the collection of taxes and excises on various businesses and enterprises, among others, on pumps for the sale of gasoline and lubricating oils, installed within the limits of the Municipality of San Juan.

Section 1 of the cited ordinance provides that the Treasurer of the Capital shall collect, for the year 1933–34 and subsequent years:

"  *        *        *        *        *        *        *

"3. Excises on pumps for the sale of gasoline, whether they are installed on public or private land, $20.

"4. Excises on pumps for the sale of lubricating oils, installed on public or private land, $10."

It further provides that any violation of the provisions of the ordinance shall be punishable by a fine not less than $10 nor more than $50, or by imprisonment not to exceed fifteen days, or both penalties in the discretion of the court.

The petitioner and appellant alleged that it was the owner of twelve pumps devoted to the sale of gasoline, installed in the city of San Juan, nine of them operated by the plaintiff itself, and the remaining three by its lessees; that in addition to the taxes which were levied upon it by the Insular Government, on the taxable property which the plaintiff corporation possessed within the Municipality of San Juan, said corporation paid to the Insular Government a license tax or fee as wholesale and retail dealer in gasoline, which amounts to $1,080 a year; that in the same capacity it pays to the Government of the Capital a license tax amounting to $445 *per*

*annum;* and that the People of Puerto Rico collects from it 2 per cent for the sale of petroleum and its derivatives, with the exception of gasoline, for which it pays seven cents per gallon, and gas oil and diesel oil, for which it pays four cents per gallon sold in the Island.

Petitioner prayed that judgment be rendered declaring said Ordinance No. 144, enacted on June 6, 1933, to be illegal, confiscatory, null, and void, in so far as it levies an excise tax on the exploitation of each pump for the sale of gasoline, on the following grounds:

"1. Because it levies *a double tax,* inasmuch as the Government of the Capital levies on, and collects from, the plaintiff a license tax for engaging *in the sale of petroleum and its derivatives, which is the same business taxed by the ordinance.*

"2. Because it is contrary to Act No. 85 of the Legislature of Puerto Rico, enacted on August 20, 1925, and the acts amending the same, since the Insular Government levies on, and collects from, the plaintiff a license tax on the business of selling petroleum and its derivatives, the result being, therefore, that the ordinance levies a double tax in violation of the provisions of section 99 of the above-cited Act No. 85 of August 20, 1925.

"3. Because it is contrary to Act No. 40 of April 24, 1931, amended by Act No. 68 of May 13, 1934, which levies an excise tax of seven cents on each gallon of gasoline sold in the Island, the result being, therefore, that the ordinance levies a double tax on the same business.

"4. Because it leaves the determination of the person subject to the payment of the excise tax at the option of the Treasurer of the Capital."

The petition for certiorari alleged that the Treasurer of the Capital had demanded from the plaintiff the payment of the excise taxes levied by the ordinance; that said officer had instituted criminal proceedings against the employees of the company, and had threatened to attach and sell at public auction the property of the corporation in order to collect the tax the legality of which is questioned.

Alleging that it lacked an adequate remedy at law, and invoking the jurisdiction which section 46 of Act No. 99 of May 15, 1931, confers upon the District Court of San Juan to annul or to review any legislative act of the respondent board, the plaintiff corporation applied for a writ of certiorari. The respondent objected on the ground that certiorari did not lie, as the plaintiff has an adequate remedy at law, namely, to pay the tax or excise under protest and sue for the recovery thereof in an ordinary action. The district court rendered judgment discharging the writ of certiorari issued, without special imposition of costs. From that judgment the present appeal has been taken.

The appellant assigns the following errors as having been committed by the court *a quo:*

1. In holding that a payment under protest of the contested excise taxes, and subsequent claim for recovery thereof in an ordinary action, constitutes an adequate remedy at law.

2. In discharging the writ issued and holding that section 32 *a* of Act No. 99 of 1931 precluded the plaintiff from resorting to the writ of certiorari, inasmuch as the denial of that right to the plaintiff would render the act unconstitutional.

3. In refusing to hold that the contested excise taxes were void, illegal, and unconstitutional.

The question now pending before us in no wise involves the legality or illegality of Ordinance No. 144 of the Government of the Capital. We must only consider whether the district court erred or abused its discretion in holding that the writ of certiorari, to which the plaintiff resorted as a remedy to protect itself against the collection of an excise tax which it deemed to be illegal, did not lie.

As a ground for its petition, the plaintiff has invoked section 46 of Act No. 99 of 1931, which in its pertinent part reads as follows:

"Section 46.—On motion of the aggrieved party, the District Court of San Juan shall have jurisdiction:

"(a) To annul or to review by writ of certiorari any legislative or administrative act of the Board of Commissioners, of the Administrative Board, or of any official of the Capital, which infringes the constitutional rights of the complainants, or which is contrary to the Organic Act or to the laws of Porto Rico; . . . "

The provisions of the cited section 46 of Act No. 99 of 1931, which apparently grant to a taxpayer the right to resort to certiorari as a remedy against the imposition and collection of an excise tax which he deems to be illegal, must be considered and construed in connection with section 32 *a* of the same act which was added by Act No. 32 of May 4, 1933 (Session Laws, p. 254). The latter section provides that in a case like the present one, the taxpayer shall pay the tax under protest; and that he may, within the thirty days subsequent to the day on which payment is made, sue the municipal treasurer for the return thereof. And it adds:

" . . . There shall be *no other recourse* in the case of illegal collection of local rentals, taxes, or excises of the Capital, or in the case of attempted collection of such local rentals, taxes, or excises. *In no case shall any writ be issued* to prevent the collection of such local rentals, taxes, or excises due, or to hinder or delay such collection; . . . " (Italics ours.)

The writ of certiorari is a remedy derived from the English common law that has been incorporated in our procedural law by virtue of an act of the Legislature, approved March 10, 1904, which is embodied in sections 670 to 674 of our present Code of Civil Procedure. The old writ, which we now call "classical certiorari," to distinguish it from the one we designated as "statutory certiorari," was issued in the name of the King, and was directed to the judges or officers of inferior courts, commanding them to send up the record of a cause pending before them, to the end that the petitioner could have the more sure and speedy justice, administered by the King himself or by the judges he might designate to take cognizance of the case. The writ was only allowed for the purpose of reviewing *judicial functions.*

Resort could not be had to the common law writ, nor can resort be had to the certiorari authorized by our Code of Civil Procedure, in order to annul or to review legislative or administrative acts of the various boards and commissions which constitute the machinery of our Insular and Municipal Governments.

The writ of certiorari does not lie in the instant case, unless there is a statute which expressly authorizes the same.

On July 31, 1919, the Legislature of Puerto Rico passed Act No. 85, entitled "Municipal Law," section 65 of which provided for the first time that district courts would have jurisdiction to annul or review by writ of certiorari any legislative or administrative act of municipal assemblies and councils of administration.

Section 46 of the act which established the Government of the Capital (Act No. 99 of 1931) is an exact reproduction of section 65 of the Municipal Law, and allows the writ of certiorari to annul or to review legislative or administrative acts of the boards and officials of the Government of the Capital, without any limitation whatsoever.

It is quite possible that during the time said section 46 of the act creating the Government of the Capital has been in force, but before the passage of section 32 a, supra, which was added by Act No. 32 of May 4, 1933, a taxpayer could have resorted to the writ of certiorari as a matter of course, in order to annul or to review an ordinance imposing excise taxes which he deemed to be illegal or unjust.

The ordinance attacked by the present statutory certiorari was enacted on June 6, 1933, or after the passage of section 32 a already cited, which limits the scope of section 46 of the act creating the Government of the Capital, and which provides that the remedy of the taxpayer is to pay the tax under protest and sue the municipality in an ordinary action for the recovery of the sum so paid.

It seems evident from the foregoing that the intention of the legislator in passing the new section 32 a, added to the

act creating the Government of San Juan, was not to allow the writ of certiorari provided for by section 46 of said act in such cases as involved the annulment or review of a fiscal ordinance, intended to raise the necessary funds for the municipality through the imposition and collection of excise taxes.

The learned counsel for the appellant urges that the latter has an indisputable right to the issuance of a writ of certiorari, for the reason that the payment under protest and the ordinary action for the recovery of the amount so paid is not an adequate remedy at law, in that the cited section 32 a does not provide for the payment of interest on the amount paid under protest, in case the return thereof were ordered; and furthermore, in that the cited section 32 a contains no mandatory provisions for the refund of the excise taxes which might be illegally collected, as it only provides that said excises "must be returned, preference being given to this payment over any other claim made on the Government of the Capital."

We shall consider in the first place the question raised as to the impropriety of the remedy provided for by section 32 a of the act which regulates the Government of the Capital.

The case of *Procter & Gamble Distributing Co.* v. *Sherman,* 2 F. (2d) 165, is cited by the appellant in support of its contention that the legal remedy granted by section 32 a is inadequate and that hence it is entitled to the writ of certiorari. In that case the plaintiff resorted to the United States District Court for the Southern District of New York, as a court of equity, praying an injunction, which is an equitable remedy, to restrain the authorities of that State from collecting certain taxes from the plaintiff corporation. The dismissal of the bill was sought by the defendant on the ground of insufficiency. The court held that the bill was sufficient and that the plaintiff was entitled to resort to equity jurisdiction, because in its opinion the statute of the State of New York involved in the case did not give the plaintiff an ade-

quate. remedy at law for the following reasons: (1) because the phrase "may be refunded to such corporation" was ambiguous and left it uncertain whether the taxpayer could compel a refund, if the authorities opposed him; and (2) because the statute in question expressly refused to allow interest on the amount refunded.

In *Southern California Telephone Co.* v. *Hopkins,* 13 F. (2d) 814, the plaintiffs also resorted to a court of equity praying an injunction to restrain the seizure and sale of telephone instruments in satisfaction of a local tax, which the plaintiff considered to be illegal as resulting in double taxation, which is forbidden by the laws of California. The defendants moved for dismissal of the bill upon the ground that the plaintiffs had an adequate remedy at law by paying the tax and suing to recover. The plaintiffs averred that the legal remedy afforded to them by the statute of California was not adequate because it would have bound them to bring a multiplicity of suits, and further because no interest could be recovered by the plaintiffs on the sum that might be refunded to them. The District Court of California dismissed the bill. On appeal, the U. S. Circuit Court of Appeals for the Ninth Circuit, following the precedent established by the case of *Procter & Gamble, supra,* reversed the decree of the lower court and granted the injunction prayed for, on the ground that the legal remedy which the statute of California afforded to the plaintiffs was not adequate. Upon a further appeal to the United States Supreme Court, the latter affirmed the judgment and held that the remedy afforded by the statute was inadequate since it did not provide for the payment of interest on the amounts paid under protest for the time necessary to obtain judgments, and that the equity proceeding was permissible. See *Hopkins* v. *Southern Cal. Tel. Co.,* 275 U. S. 393, 399–400.

It is a well-settled doctrine that where the remedy at law is not plain, and equity can give relief, the plaintiff is not

compelled to run the risk of not obtaining relief at law. See *Davis* v. *Wakelee,* 156 U. S. 680; *Atlantic Coast Line* v. *Daughton,* 262 U. S. 413.

In *Atlantic Coast Line* v. *Daughton, supra,* a suit for injunction was brought to enjoin the collection of income taxes. The State filed a motion to dismiss the bill on the ground that the plaintiffs had available the legal remedy of paying under protest. The lower court denied the motion, heard the case upon the merits, and dismissed the bill. The Supreme Court affirmed the judgment, saying:

"On behalf of the State it was urged that the bill was properly dismissed by the District Court because there is under the laws of North Carolina a plain, adequate, and complete remedy at law by which a taxpayer may recover the amount of an illegal tax paid by him under protest. But the statute mainly relied upon is a recent one which appears not to have been construed and applied by the highest court of the State. In the absence of such decision, we cannot say the remedy at law is plain and adequate. (Citations.) We have therefore passed upon the merits."

In accordance with the foregoing authorities, the extraordinary jurisdiction of the District Court of San Juan as a court of equity, might perhaps have been invoked for the purpose of enjoining the collection of the tax in the instant case, on the ground of the inadequacy of the remedy available to the plaintiff under section 32 *a* of the act creating the Government of the Capital. But such equitable remedy could not prosper if, besides the remedy of paying under protest, there should be another adequate remedy at law to secure the annulment and review of the ordinance.

The difficulty in the case at bar lies in the fact that the plaintiff has not resorted to the district court requesting that the latter should protect it as a court of equity, by means of an injunction, against the enforcement of an ordinance which it considers as illegal, but it has called for the intervention of the court in order that the latter should grant to it a statutory remedy at law, a certiorari, which the court may

grant or refuse in its discretion, and only in such cases as are specifically provided for in the statute.

In all the decisions which we have cited above, the plaintiff resorted to an injunction.

In *Birch* v. *Board of Supervisors,* 191 Cal. 235, the plaintiffs applied for a writ of certiorari to review the action of the Board of Supervisors in considerably raising the assessment upon the plaintiffs' property. The appellants contended that the certiorari did not lie because the plaintiffs had an adequate remedy at law, by paying the tax under protest and suing to recover the sum so paid. The plaintiffs pointed out that the remedy was not adequate because the law did not allow interest on the amount illegally collected. The court said:

"The writ of *certiorari* is a discretionary writ. (*Keys* v. *Marin County,* 42 Cal. 252.) The superior court exercised its discretion in favor of the issuance of the writ and there was no abuse of its discretion in so doing."

The decision in *Birch* v. *Board of Supervisors, supra,* seems to support the contention of the appellant in the instant case, but the apparent force of such decision is weakened when it is considered that the Supreme Court of California has held that the proceedings before a board of equalization are *judicial* in nature and that, as such, they can be reviewed by the courts (*Los Angeles, etc., Co.* v. *County of L. A.,* 162 Cal. 164; *Huntley* v. *Board of Trustees,* 165 Cal. 298); and that the code of that State confers upon the courts the power to issue writs of certiorari, when an inferior tribunal, board, or officer, exercising *judicial functions,* has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor in the judgment of the court, any plain, speedy, and adequate remedy. (Cal. Code of Civ. Pr., sec. 1068.)

Our statute (sections 670 to 674, Code of Civil Procedure) does not vest such an extensive power in our courts, which can only review by certiorari the proceedings had before the

lower courts. And that is why the appellant herein was compelled to invoke, as a basis for its right to the writ of certiorari, section 46 of the act creating the Government of the Capital, which confers special jurisdiction upon the District Court of San Juan to annul or to review by writ of certiorari any legislative or administrative act of the organizations and officers of the capital.

Section 32 *a*, added to the act creating the Government of the Capital by Act No. 32 of 1933, establishes an exception to the general rule set forth in section 46, by forbidding the use of a certiorari proceeding in any case where the person in charge of the collection of the excises of the Capital *begins any proceeding or takes any steps for the collection of such local rentals, taxes, or excises.* If the party against whom the proceedings or steps are directed, believes that the collection is illegal or unjust, he must pay under protest and proceed in the manner prescribed in the statute.

The petition for certiorari in the instant case sets forth as a ground for the relief sought that the Treasurer of the Capital has demanded payment of the excise tax and has committed acts and taken steps tending to collect the amount thereof; and that the petitioner has no adequate remedy in the ordinary course of law to enjoin the collection of the excise tax.

We are not convinced by the arguments adduced by the appellant to support its contention that for want of an adequate remedy at law, it is compelled to resort to certiorari as the only remedy that can protect it against the collection of the excise tax on the pumps for the sale of gasoline.

The Supreme Court of Tennessee, by judgments which have been affirmed by the United States Supreme Court, has held that the remedy of paying the tax under protest, pursuant to the statute of that State, from which our own originated, is a simple and effective remedy, less complicated than any one of the extraordinary remedies provided by the law. *City of Nashville* v. *Smith,* 86 Tenn. 213; *Louisville & Nash-*

*ville R. R. Co.* v. *The State of Tennessee,* 55 Tenn. 663, 804; *Tennessee* v. *Eneed,* 96 U. S. 69; *Shelton* v. *Platt,* 139 U. S. 591.

But even admitting the insufficiency of the remedy afforded by the above-cited section 32 *a,* would that be enough to authorize the issuance of a writ of certiorari, in view of the express provisions of that section, which forbid the use of that remedy when it is sought to prevent the collection of municipal taxes or excises?

We are inclined to think that, even though the legal remedy of paying under protest were deemed to be insufficient, this would not entitle the plaintiff to resort to a writ of certiorari, since the issuance thereof is not a matter of course, as in the case of a writ of right, but a purely *statutory* right and one subject to the sound discretion of the court wherein the petition is filed. We have already seen that far from authorizing the remedy by certiorari in a case like the present one, the statute expressly forbids the same.

We do not agree with petitioner's contention that in order to obtain the judgment which is sought under this proceeding, the laws in force in Puerto Rico do not provide as effective, speedy, and complete a legal remedy as certiorari.

On April 25, 1931, the Legislature of Puerto Rico passed Act No. 47 entitled "An act relative to judgments and declaratory decrees and making legislation on the subject uniform." (Session Laws, p. 378.) Said act vests authority in the district courts to declare rights and other judicial relations *although other remedies are or may be sought;* and the declaration shall be as efficacious and as binding as a final judgment (section 1).

Section 2 of said act provides that every person whose rights are affected by a municipal ordinance may obtain a determination of any difference in regard to the construction or validity of such ordinance, and also a declaration of the rights that may be derived therefrom.

Section 6 provides that the court may refuse to render a declaratory judgment if the same will not put an end to the controversy giving rise to the proceedings. And section 7 provides that all declaratory judgments may be reviewed just as any other judgments. Section 8 authorizes the granting of additional remedies to make the declaratory judgment effective.

Section 9 provides that in a proceeding prosecuted under this act, the issues of fact may be considered and decided in the same manner issues of fact are considered and decided in other civil suits in the court taking cognizance of the action.

Section 11 provides that in any proceeding where the validity of a municipal ordinance is at issue, the corresponding municipality shall be included as a party and it shall have the right to be heard. In the case of unconstitutionality of an ordinance, the Attorney General shall also be served with notice, and shall have the right to be heard.

Section 12 declares that because of its nature, the act is a *remedial statute,* its purpose being to authorize the determination of rights and to allow remedies against the uncertainty of such rights.

From the foregoing it clearly appears that the petitioner, who states that it does not intend to prevent or hinder the collection of the excise, but to have the ordinance declared null and void as being contrary to its interests, may fully accomplish its purpose by means of a declaratory proceeding wherein any issue of fact may be considered and decided the same as in the case of an ordinary civil suit.

The remedy allowed by the act relating to declaratory judgments is plain, adequate, and complete, inasmuch as the act vests authority in the court to allow any additional remedy which might be necessary to make the judgment effective. And a declaratory judgment may indeed be obtained as speedily as in a certiorari proceeding.

The petition in the instant case has been based exclusively on the alleged insufficiency of the legal remedies which the laws in force grant to a taxpayer to protect himself against an illegal exaction of a municipal government. And we have seen that even admitting the insufficiency of the remedy of paying under protest given by section 32 *a* of the act creating the Government of the Capital, the contention of the appellant can not be upheld, as it has available other legal remedies as effective as certiorari to protect its right.

The question as to whether or not the plaintiff herein would be entitled to a writ of injunction to prevent the collection of the excise tax on gasoline pumps, is not now pending before us; nor are we required to pass upon the legality or illegality of the ordinance.

In conclusion, we are of opinion that the writ sought does not lie, as we think that the laws in force grant to the taxpayer the ample and adequate remedy at law to which we have referred in the course of this opinion and within which there might be satisfactorily decided the controversy between two parties who evidently have potentially and actually opposed interests. *Union Republican Party* v. *Terry, ante,* p. 268; *Re Tampa Suburban R. Co.,* 168 U. S. 583. Furthermore, as the granting of a writ of certiorari is in every case within the discretion of the district court, we have found nothing in the record which would warrant us in concluding that the trial judge abused its discretion.

The judgment appealed from must be affirmed.